UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br><br>      v.<br>ONE STAR CLASS SLOOP SAILBOAT<br>BUILT IN 1930 WITH HULL NUMBER 721,<br>NAMED "*FLASH II*,"<br>      Defendant. | Civil Action No. 05-10192-RWZ |

**JOINT MOTION FOR JUDGMENT AND ORDER OF FORFEITURE**

The parties to this action, the United States of America, plaintiff, and Harry E. Crosby, claimant, report that they have reached an agreement to settle this action by forfeiting two-thirds of the net proceeds from the sale of the Defendant Sailboat, as described more fully in the attached Stipulation of Settlement. The parties therefore move this Court to enter an Order of Forfeiture in the form submitted herewith.

Respectfully submitted,

| | |
|---|---|
| MICHAEL J. SULLIVAN.<br>United States Attorney.<br><br>By: /s/ Shelbey D. Wright<br>    Assistant U.S. Attorney<br>    John J. Moakley Federal<br>       Courthouse<br>    Suite 9200<br>    1 Courthouse Way<br>    Boston, MA 02210<br>    (617) 748-3283<br><br>Date: 6/20/05 | HARRY E. CROSBY,<br>Claimant,<br><br>By: /s/ J. Thomas Kerner<br>    230 Commercial Street<br>    First Floor<br>    Boston, MA 02109<br>    (617) 720-5509<br><br><br><br><br><br>Date: 6/6/05 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ONE STAR CLASS SLOOP SAILBOAT<br>BUILT IN 1930 WITH HULL NUMBER 721,<br>NAMED "*FLASH II*,"<br>　　　　Defendant. | Civil Action No. 05-10192-RWZ |

## STIPULATION OF SETTLEMENT

The parties to this action, plaintiff United States of America, by its attorney, and claimant Harry E. Crosby, individually and by his attorney, state that:

WHEREAS the United States filed a Complaint for Forfeiture in rem against the Star Class Sloop Sailboat Built in 1930 with Hull Number 721, Named "*FLASH II*," (the "Defendant Sailboat") on February 1, 2005, which was supported by an affidavit of probable cause prepared by and sworn to by United States Drug Enforcement Administration Special Agent Gregg Willoughby;

AND WHEREAS the Court thereafter approved and ordered the issuance of a Warrant and Monition, directing the seizure of the Defendant Sailboat and service of notice of the action on all interested parties;

AND WHEREAS on or about February 28, 2005, claimant Harry E. Crosby (the "Claimant") filed an Answer to the Complaint as the owner of the Defendant Sailboat;

AND WHEREAS on February 15, 22, and March 1, 2005, notice of the filing of the

Page 1 of 5

Complaint for Forfeiture in rem against the Defendant Sailboat was published in the Boston Herald newspaper;

AND WHEREAS as of this date, which is more than thirty days after the final date of such publication, no other party has filed a claim to the Defendant Sailboat or answered or otherwise defended against this forfeiture action as required by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims;

AND WHEREAS it is the desire of both parties to settle this matter;

NOW THEREFORE, it is stipulated and agreed by and between the undersigned parties as follows:

1. Upon execution by all parties, this Stipulation shall be filed with the United States District Court for the District of Massachusetts.

2. Claimant Harry E. Crosby consents and agrees to the forfeiture to the United States of two-thirds (2/3) of the net proceeds of the sale of the Defendant Sailboat, and waives any and all claims of interest in the forfeited property.

3. The parties agree that the United States Marshals Service shall arrange for the sale of the Defendant Sailboat in accordance with United States Department of Justice policies regarding the disposition of forfeited property. The parties may, among other things, retain a broker and other professionals in its reasonable best efforts to market and sell the Defendant Sailboat at the highest possible price.

4. Any offers made by potential buyers of the Defendant Sailboat must be agreed upon between the United States Marshal Service ("USMS") and Harry E. Crosby before acceptance.

5.  Upon sale of the Defendant Sailboat pursuant to this Stipulation of Settlement and the Judgment and Order of Forfeiture, the sale proceeds shall be distributed by the USMS in the following manner and order:

   (a) costs of publication by USMS in this case, and all costs and expenses reasonably incurred in seizing, maintaining, marketing, and selling the Defendant Sailboat;

   (b) the cost of any comprehensive insurance on the Defendant Sailboat;

   (c) any valid and superior liens, attachments, or encumbrances of record;

   (d) thirty- three and one-third percent (33-1/3%) of the remaining balance shall be paid to Harry E. Crosby by check; and

   (e) USMS shall dispose of the remaining net balance of the sale proceeds in accordance with applicable law.

6.  The parties agree that the settlement of this matter upon the terms and conditions set forth herein is in full, final and complete satisfaction of any and all civil claims arising out of the Complaint for Forfeiture filed against the Defendant Sailboat by the United States.

7.  Claimant agrees to release unconditionally, and to hold harmless, the United States of America, its officers, agents and employees, including, but not limited to, the United States Department of Justice, the Drug Enforcement Administration, the United States Marshals Service, and any state or local law enforcement departments or officers involved in this litigation from any and all claims, demands, damages, causes of actions or suits, of whatever kind and/or description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, this forfeiture action.

8.  Without in any way limiting the generality of Paragraph 7, above, Claimant specifically agrees to waive any and all constitutional claims that he may have against any of the parties named in paragraph 7, above, arising from or relating in any way to this civil action.

9.  The United States agrees that it will not seek criminal or civil forfeiture of the Claimant's interest in the Defendant Sailboat in the future based on the same facts and circumstances which led to this forfeiture action.

10. Unless this Stipulation of Settlement is voided by the parties, all rights of appeal are hereby waived by all parties, and each party shall bear its own attorneys fees, incurred by it in connection with any of the proceedings pertaining directly or indirectly to this civil forfeiture action.

11. The parties to this agreement acknowledge that they are, and have been, represented by competent counsel in connection with the negotiation, preparation, and execution of this agreement, that the provisions of this agreement and the legal effects thereof have been explained to them, and that they are entering into this agreement freely and voluntarily, without coercion, duress or undue influence.

IN WITNESS WHEREOF, the United States of America, by its attorney, and claimant Harry E. Crosby, individually and by his attorney, hereby execute this agreement.

Respectfully submitted,

| | |
|---|---|
| MICHAEL J. SULLIVAN,<br>United States Attorney, | HARRY E. CROSBY,<br>Claimant, |
| By: *[signature]*<br>Shelbey D. Wright<br>Assistant U.S. Attorney<br>John J. Moakley Federal<br>  Courthouse<br>Suite 9200<br>1 Courthouse Way<br>Boston, MA 02210<br>(617) 748-3283 | By: *[signature]*<br>J. Thomas Kerner<br>230 Commercial Street<br>First Floor<br>Boston, MA 02109<br>(617) 720-5509 |
| Date: 6/20/05 | Date: 6/6/05 |

HARRY E. CROSBY,
Individually,

*[signature]*

Date: 06-10-05

```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,         )
          Plaintiff,              )
                                  )
     v.                           ) Civil Action No. 05-10192-RWZ
                                  )
ONE STAR CLASS SLOOP SAILBOAT     )
BUILT IN 1930 WITH HULL NUMBER 721,)
NAMED "FLASH II,"                 )
          Defendant.              )
```

## JUDGMENT AND ORDER OF FORFEITURE

**ZOBEL, DISTRICT JUDGE:**

This cause having come before this Court and the Court being fully advised of the agreement between the parties, it is hereby,

ORDERED, ADJUDGED, and DECREED:

1. That the Defendant Sailboat is hereby forfeited to the United States, pursuant to 21 U.S.C. § 881(a)(6), subject to the one-third interest of the Claimant, Harry E. Crosby.

2. That the United States Marshals Service is authorized and directed to arrange for the sale of the Defendant Sailboat in accordance with United States Department of Justice policies regarding the disposition of forfeited property. The United States shall retain two-thirds of the net proceeds from the sale of the Defendant Sailboat. The remaining one-third of the proceeds shall be paid to the claimant.

3. That any other claim of interest to the forfeited property is hereby dismissed, and all other parties claiming any

1

right, title or interest in or to the forfeited property are hereby held in default.

    4.   That the United States shall dispose of the forfeited property in accordance with the law.

    5.   That this shall be and is the full, final, and complete disposition of this civil forfeiture action.


    DONE and ORDERED in Springfield, Massachusetts, this _____ day of _____, 2005.

                                                  _____
                                                RYA W. ZOBEL
                                                United States Magistrate Judge