UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 CV 10192 RWZ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ONE STAR CLASS SLOOP SAILBOAT
BUILT IN 1930 WITH HULL NUMBER 721,
NAMED "*FLASH II*,"

        Defendant.

**CLAIMANT KERRY SCOTT LANE'S MOTION (I) TO SET ASIDE DEFAULT
JUDGMENT OF FORFEITURE AND (II) FOR LEAVE TO FILE
VERIFIED STATEMENT AND ANSWER TO COMPLAINT**

    Claimant Kerry Scott Lane, M.D. ("Dr. Lane") hereby moves pursuant to 18 U.S.C. § 983(e), and Fed. R. Civ. P. 55(c) and 60(b) to set aside default judgment of forfeiture, and for leave to file a Verified Statement and Answer to the Complaint pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supp. Rule").

    As set forth in the accompanying memorandum of law and Dr. Lane's Affidavit, Dr. Lane is an innocent owner of the subject sailboat named "*Flash II*" (the "Sailboat"). Although Dr. Lane learned in October 2004 that the Sailboat had been seized, he could not come forward at that time because he feared that publicity of his unwitting association with a convicted drug trafficker would jeopardize his chances of securing employment as an anesthesiologist in a small Massachusetts hospital. Dr. Lane had no idea when he purchased the Sailboat in 1996 that Greg Anderson, his co-venturer in the purchase and restoration of the Sailboat, was engaged in criminal activities. Although the United States knew at the time it commenced this action that

another person, either a doctor or dentist, owned the Sailboat, Dr. Lane was not served with a copy of the Complaint, and notice of the commencement of this action by publication in the Boston Herald in February and March 2005 did not reach him. The Government therefore failed to take reasonable steps to provide Dr. Lane with notice of this action. In light of these mitigating factors, and the general policy favoring hearings on the merits over default judgments, Dr. Lane should not be dispossessed of his interest in the Sailboat. This Court should find that Dr. Lane's default was not willful, but the result of excusable neglect.

Accordingly, in the interest of equity and substantial justice, the judgment of forfeiture should be set aside, the settlement agreement executed between the United States and Mr. Crosby should be voided, and leave should be granted to allow Dr. Lane to defend his ownership claim on the merits.

WHEREFORE, claimant Kerry Scott Lane, M.D. respectfully prays that his Motion to Set Aside Default Judgment of Forfeiture and for Leave to File Verified Statement and Answer, be allowed.

> Respectfully submitted,
> Kerry Scott Lane, M.D.,
> By his attorneys,
>
>         s/Eric B. Goldberg
> Jeffrey P. Allen (BBO# 015500)
> Eric B. Goldberg (BBO# 564398)
> Seegel Lipshutz & Wilchins, P.C.
> Wellesley Office Park
> 20 William Street, Suite 130
> Wellesley, MA 02481
> (781) 237-4400

Dated: July 27, 2005

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(E), Dr. Lane requests a hearing upon his Motion to Set Aside Default Judgment of Forfeiture and for Leave to file Verified Statement and Answer.

## LOCAL RULE 7.1 CERTIFICATION

The undersigned counsel for Kerry Scott Lane, M.D. certifies that he conferred with counsel for the United States by telephone on July 20, 2005, and counsel for claimant Henry Crosby on July 26, 2005, in a good faith attempt to resolve or narrow the issues raised by the foregoing motion.

s/Eric B. Goldberg

## CERTIFICATE OF SERVICE

I, Eric B. Goldberg, do hereby certify that I have this 27th day of July, 2005, served the foregoing, via first class mail, postage prepaid, to the counsel of record listed below:

Shelbey D. Wright, Esq.
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210

J. Thomas Kerner, Esq.
230 Commercial Street
First Floor
Boston, MA 02109

s/Eric B. Goldberg