```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,          )
          Plaintiff,               )
                                   )
          v.                       )Civil Action No.05-10192-RWZ
                                   )
ONE STAR CLASS SLOOP SAILBOAT      )
BUILT IN 1930 WITH HULL NUMBER 721,)
NAMED "FLASH II,"                  )
          Defendant.               )
```

**GOVERNMENT'S OPPOSITION TO KERRY SCOTT LANE'S
MOTION TO SET ASIDE DEFAULT JUDGMENT OF FORFEITURE
AND FOR LEAVE TO FILE VERIFIED CLAIM
AND ANSWER TO COMPLAINT**

The United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, submits this opposition to the motion of Kerry Scott Lane ("Lane") to remove the default judgment entered by this Court, forfeiting the Star Class Sloop Sailboat named "Flash II" ("the Defendant Sailboat").  Lane has failed to demonstrate excusable neglect or any other reason under Rule 60(b) to justify removal of the default judgment.  Rather, the facts as set forth by Lane show that he purposely disregarded his obligation to come forward with a claim to the Defendant Sailboat until well after the deadlines set forth in Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, which governs forfeiture actions.  In his motion, Lane attempts to blame the government for his failure to comply with Supp. Rule C(6); however, his own affidavit shows that his non-compliance was willful and calculated, and not a product of "excusable neglect."

His motion to set aside the forfeiture and for leave to file a late claim and answer should be denied.

**Procedural Background**

On October 13, 2004, pursuant to a seizure warrant issued by Chief Magistrate Judge Robert B. Collings, the United States Drug Enforcement Administration (DEA) seized the Defendant Sailboat. The United States filed a Complaint for Forfeiture *in rem* against the Defendant Sailboat on February 1, 2005, which was supported by an affidavit of probable cause prepared by and sworn to by DEA Special Agent Gregg Willoughby. This Court thereafter approved and ordered the issuance of a Warrant and Monition, directing the seizure of the Defendant Sailboat and service of notice of the action on all interested parties. Pursuant to the Warrant and Monition, the government served notice upon Harry E. Crosby, an interested party who made himself known to the government after the seizure. On or about February 28, 2005, Crosby filed an Answer to the Complaint as the owner of the Defendant Sailboat.

On February 15, February 22, and March 1, 2005, notice of the filing of the Complaint for Forfeiture *in rem* against the Defendant Sailboat was published in the Boston Herald newspaper, a newspaper of general circulation in the District of Massachusetts. No other person filed an answer or claim to the Sailboat. On March 5, 2005, this Court entered a notice of default pursuant to Rule 55, and entered a Judgment and Order of

forfeiture on July 15, 2005. Thereafter, on July 27, 2005, Lane filed this motion to remove the default under Rule 60(b) of the Federal Rules of Civil Procedure.

**Argument**

As an initial matter, Lane is not entitled to relief under 18 U.S.C. § 983(e)(1). That provision, cited by Lane in his motion, applies only to *non-judicial* forfeitures, that is, administrative declarations of forfeiture by a seizing agency, here, the United States Drug Enforcement Administration. Forfeiture of the Defendant Sailboat was commenced in the first instance by the filing of an *in rem* Complaint in the District Court, a judicial forfeiture. Thus, the notice requirements set forth in 18 U.S.C. § 983(a)(1)(A) through (2)(E), and the remedy described in § 983(e)(1), are inapplicable to this forfeiture action. Judicial forfeiture actions are governed by the provisions of the Supplemental Rules for Certain Admiralty and Maritime Claims, notably, Supp. Rule C(6), which requires the government to publish notice of the forfeiture complaint in a newspaper of general circulation in the district.

Further, Lane cannot seek relief under Rule 55(c), because that section does not apply post-judgment. Lane filed this motion only after judgment had entered forfeiting a portion of the Defendant Sailboat; Rule 55(c) specifically applies to actions in which there has been entry of default but not a final

judgment: "[T]he court may set aside an entry of default *and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)*." See <u>United States v. One Urban Lot Located at 1 Street A-1 (Valparaiso)</u>, 885 F.2d 994, 997 (putative claimants who fail to make any appearance prior to final judgment are subject to the Rule 60(b) standard, not the less demanding "good cause" standard of Rule 55(c)). Thus, Lane may only seek relief pursuant to Rule 60(b); as set forth below, he fails to meet the Rule 60(b) standard.

Rule 60(b) allows the court to set aside a default judgment where a claimant shows "mistake, inadvertence, surprise, or excusable neglect." This is a "demanding standard." <u>United States v. $23,000</u>, 356 F.3d 157, 164 (1st Cir. 2004). The precise reason for the delay is a critical factor in a court's decision whether to overturn a judgment under Rule 60(b). <u>Id</u>. Thus, Lane must demonstrate an adequate reason for his failure to comply with the claim and answer provisions of Supp. Rule C(6).

Because Lane failed to file a claim or answer the *in rem* Complaint, he lacks standing to challenge the forfeiture or to set aside the judgment. Under Supp. Rule C(6), a person asserting a right to property in an *in rem* forfeiture action must file a verified statement identifying the interest or right within 30 days of the date of service of the government's complaint or th completed publication of notice under Rule C(4),

4

and then must serve an answer within 20 days of filing the statement of interest.  Courts have long required strict compliance with Supp. Rule C(6).  United States v. $104,674.00, 17 F.3d 267, 268 (8th Cir. 1994); see also United States v. Commodity Account No. 549 54930, 219 F.3d 595, 598 (7th Cir. 2000) (strict compliance with Supplemental Rule C(6) is typically required).  A potential claimant does not have license to ignore completely these requirements.  United States v. One Dairy Farm, 918 F.2d 310, 312 (1st Cir. 1990).

Courts have found excusable neglect warranting relief under Rule 60(b) in forfeiture cases where the claimant has attempted to comply with the requirements of Supp. Rule C(6) by filing timely, but defective, documents.  In United States v. One Urban Lot (Valparaiso), for example, the First Circuit found that relief from judgment was appropriate where a claimant filed a verified answer, but not a claim.  Because the verified answer contained all of the information required in a claim, that claimant was excused from default and the judgment was vacated.  In the same case, however, other claimants, who filed nothing at all before the allotted deadline, were not granted relief from judgment. See United States v. One Urban Lot Located at 1 Street A-1 (Valparaiso), 885 F.2d at 999.  Likewise, courts have declined to remove default judgments where a claimant was incarcerated and did not speak English, United States v. $23,000,

5

356 F.3d 157, 166 (1st Cir. 2004); where a claimant relied on erroneous advice from counsel, United States v. Proceeds of Sale of 3,888 Pounds Atlantic Sea Scallops, 857 F.2d 46, 49 (1st Cir. 1988); and where claimants mistakenly believed that they had no legal recourse to challenge forfeiture, United States v. Funds Contained in Checking Account No. 07-21-3-06, 788 F.Supp. 664, 665 (D.P.R. 1992).

Here, Lane's stated reason for not identifying himself in October 2004 as the alleged owner of the Defendant Sailboat is that he "was about to start a new position at a Massachusetts hospital, and [] was still in the credentialing process." He goes on to state that he feared that his reputation would suffer if he were publicly associated with a convicted drug trafficker. Lane Affidavit, ¶13. In other words, it was personally inconvenient for him to identify himself as an interested party in October 2004, but not in July 2005, after a settlement had been negotiated with another interested party, and after the forfeiture action had been completed.

The purpose of the time limit is to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay. United States v. 1982 Yukon Delta Houseboat, 774 F.2 1432, 1435 (9th Cir. 1985). There is no "inconvenient timing" exception to Supp. Rule C(6). United

States v. One 1978 BMW, 624 F.Supp. 491, 492 (D. Mass. 1985). Where a party completely disregards the requirements of Supp. Rule C(6), dismissal of the claim by the district court should normally result. United States v. One Dairy Farm, 918 F.2d at 312; United States v. One Urban Lot, 885 F.2d at 998. Since Lane failed to file a claim within the time prescribed by Supp. Rule C(6), he lacks standing to contest the forfeiture, and his interest was properly defaulted.

It is plain that Lane's delay was willful. He declined to file any sort of appearance, or even to make his identity known to the government or to the Court until after the default was entered. By his own admission, Lane knew that the Defendant Sailboat had been seized by the government in connection with allegations of drug activity. In his affidavit, Lane admits that he was notified by Ole Anderson by telephone in October 2004 and told that the Defendant Sailboat had been seized by the Drug Enforcement Agency. Lane Affidavit, ¶12. At that time, Lane was on notice of the seizure and potential forfeiture of the Defendant Sailboat. If he had, as he alleges in his motion, a cognizable ownership interest in the Sailboat, one would expect that he would have contacted the Drug Enforcement Agency to inquire about the status of the Defendant Sailboat, and to alert the agency of his ownership interest. He did not.

Further, by his own admission, Lane understood in October

2004 that the government did not know his identity. Whether he obtained that knowledge from Ole Anderson or by reading a copy of the seizure warrant affidavit himself, he does not specify. He states in his affidavit, "Although Ole Anderson offered to identify me as the owner of the Sailboat, *I requested that he not do so at the time* . . . ." Lane Affidavit, ¶13. It was only after he learned through a newspaper article that the Sailboat was to be auctioned that Lane moved to assert a claim to the Defendant Sailboat. Lane Affidavit, ¶17.

Lane asserts that his default should be excused because the government failed to provide him with direct notice of the intent to forfeit the Defendant Sailboat. This argument makes no sense in light of the fact that it was Lane himself who declined to identify himself. As the Complaint Affidavit states, the government knew only that there was another potentially interested party, a doctor or dentist. According to Lane, the identity of this potentially interested party was known only to two persons, Lane himself and Ole Anderson, and Lane had instructed Anderson not to reveal his identity. It is irrational, therefore, for Lane to fault the government's efforts to effect notice when he himself chose not to be identified.

Finally, to the extent that Lane argues that newspaper notice is insufficient in these circumstances, he is simply wrong. First, the government complied with the provisions of

Supp. Rule C(6) by publishing notice of the *in rem* Complaint, along with directions and deadlines for filing a claim and answer, on February 15, February 22, and March 1, 2005, in the Boston Herald. Although due process requires that a person be given "notice of the case against him and an opportunity to meet it," Mathews v. Eldridge, 424 U.S. 319, 348 (1976), such notice is considered under a "reasonableness" standard. The government must afford notice sensibly calculated to inform the interested party of the contemplated forfeiture and to offer him a fair chance to present his claim of entitlement. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). The First Circuit has endorsed a "pragmatic approach," however. "If, say, an interested party has actual knowledge of ongoing forfeiture proceedings from other sources, inadequacies in the notice afforded by the government will not work a deprivation of due process." Gonzalez-Gonzalez v. United States, 257 F.3d 31, 36 (1st Cir. 2001); see also United States v. One Urban Lot (Valparaiso), 885 F.2d 994, 998 (that notice required by due process can often be satisfied by publication has long been the practice in admiralty actions *in rem*). Here, Lane cannot possibly maintain that his due process rights were violated when he (1) knew about the seizure in October 2004; (2) specifically directed a person who had received notice of the seizure and intent to forfeit *not* to reveal his identity; (3) waited until a

default judgment was entered; and (4) did not come forward until July 2004.

Nothing in Lane's motion comes close to establishing a reason to vacate the forfeiture judgment under Rule 60(b)(1). He has not shown that mistake, inadvertence, surprise, or excusable neglect played any part in his failure to file a timely claim or answer of any kind in this forfeiture action. Rather, Lane's own affidavit demonstrates that, although he knew about the seizure of the Defendant Sailboat in October 2004, he purposely and willfully declined to identify himself as an interested party until after a settlement was negotiated, and after a judgment of forfeiture was entered. See Lane Affidavit, ¶16 and Lane Memorandum in Support of Motion, p. 8, fn 5. Such behavior does not merit relief from the Court under Rule 60(b)(1) or any other rule proposed by Lane. His motions to set aside the judgment and for leave to file a claim and answer to the complaint should both be denied.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By:   /s/ Shelbey D. Wright
> Shelbey D. Wright
> Assistant U.S. Attorney
> U. S. Attorney's Office
> John Joseph Moakley
> United States Courthouse
> 1 Courthouse Way, Suite 9200
> Boston, MA  02210
> (617) 748-3100

Dated:    August 10, 2005