UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,              )
            Plaintiff,                 )
                                       )
            v.                         )Civil Action No.05-10192-RWZ
                                       )
ONE STAR CLASS SLOOP SAILBOAT          )
BUILT IN 1930 WITH HULL NUMBER 721,)
NAMED "FLASH II,"                      )
            Defendant.                 )
```

### GOVERNMENT'S OPPOSITION TO KERRY SCOTT LANE'S RULE 59(e) MOTION TO ALTER OR AMEND ORDER DENYING HIS MOTION TO VACATE DEFAULT JUDGMENT

The United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, submits this opposition to the motion of Kerry Scott Lane ("Lane") to alter or amend the order denying his motion to remove the default judgment entered by this Court, forfeiting the Star Class Sloop Sailboat named "Flash II" ("the Sailboat"). As set forth in the United States Opposition to Lane's Motion to Set Aside Default Judgment, Lane failed to demonstrate excusable neglect or any other reason under Rule 60(b) to justify removal of the default judgment. Rather, the facts as set forth by Lane show that he purposely disregarded his obligation to come forward with a claim to the Defendant Sailboat until well after the deadlines set forth in Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, which governs forfeiture actions. In this second motion, filed under Rule 59(e), Lane now contends that, although he had notice

of the seizure of the Sailboat in October 2004, he did not receive notice of the government's intention to forfeit the Sailboat until June 2005. Relying on <u>United States v. Gonzalez-Gonzalez</u>, 257 F.3d 31 (1st Cir. 2001), Lane claims that the government cannot rely on the fact that he had knowledge of the seizure of the Sailboat as a substitute for actual notice of the forfeiture. In <u>Gonzalez-Gonzalez</u>, however, the government purportedly knew the identity, and possibly even the location of the interested party, and was, therefore, required to notify that party. In the instant case, the evidence is undisputed that the government knew only that there may be another interested party, but did not know that party's identity or whereabouts.

The evidence is also undisputed that Lane declined to make his identity known in October 2004, for his own personal reasons, after he was notified by Ole Anderson by telephone in October 2004 and told that the Defendant Sailboat had been seized by the Drug Enforcement Agency. Lane Affidavit, ¶12. At the very least, he could have identified himself to the government agency which had seized the Sailboat, and thereby learned of the forfeiture proceedings. The government provided notice of the intent to forfeit by publication, as required by the Supplemental Rules. This course of action is aimed precisely at the situation where, as here, there may be unidentified ownership interests. Since the government provided direct notice to the known party

(Anderson), and publication notice to any unknown party, there was no due process violation.  For this reason, and for the reasons set forth in the government's previous Opposition, Lane's Rule 59(e) motion should both be denied.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

                        By:   /s/ Shelbey D. Wright
                                Shelbey D. Wright
                                Assistant U.S. Attorney
                                U. S. Attorney's Office
                                John Joseph Moakley
                                United States Courthouse
                                1 Courthouse Way, Suite 9200
                                Boston, MA  02210
                                (617) 748-3100

Dated:    September 13, 2005