UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>　　v.<br><br>ONE STAR CLASS SLOOP SAILBOAT BUILT IN 1930 WITH HULL NUMBER 721, NAMED "FLASH II",<br><br>　　　　Defendant.<br><br>KERRY SCOTT LANE,<br><br>　　　　Claimant. | Civil Action # 05-10192 RWZ |

**CLAIMANT'S MOTION FOR A STAY OF THE JUDGMENT
PENDING APPEAL**

Claimant, Kerry Lane, M.D., through undersigned counsel, hereby moves this Honorable Court for a stay of the judgment pending appeal, pursuant to F.R.Civ.P. Rule 62(d). Since the forfeited res is already in the possession of the government, the supersedeas bond set by the court – if any – should be a nominal amount. Claimant is tendering a nominal supercedeas bond in the amount of $100, pending further order from this Court.

Because the sale of the boat has already been scheduled, and storage costs may be incurred during the pendency of the appeal, Claimant would consent to the interlocutory sale of the sailboat, provided that an agreement can be reached among the parties as to an appropriate minimum reserve at the auction, and provided that the proceeds be escrowed in an interest bearing account (or the Department of Justice's forfeiture fund, with interest accruing under

1

CAFRA), pending the outcome of the appeal.

    In support of this motion, Claimant submits the attached memorandum of points and authorities.

                  Respectfully submitted,
                    Kerry Scott Lane, MD,

                    By his attorneys,


                    _____s/Brenda Grantland_____
                    Brenda Grantland, Esq.
                    Law Office of Brenda Grantland
                    20 Sunnyside Suite A-204
                    Mill Valley, CA 94941
                    (415) 380-9108
                    (Admitted pro hac vice)



                    _____s/Eric B. Goldberg_____
                    Jeffrey P. Allen (BBO# 015500)
                    Eric B. Goldberg (BBO# 564398)
                    Seegel Lipshutz & Wilchins, P.C.
                    Wellesley Office Park
                    20 William Street, Suite 130
                    Wellesley, MA 02481
                    (781) 237-4400
                    (Local counsel)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action # 05-10192 RWZ |
| ONE STAR CLASS SLOOP SAILBOAT BUILT IN 1930 WITH HULL NUMBER 721, NAMED "FLASH II", | |
| Defendant. | |
| KERRY SCOTT LANE, | |
| Claimant. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT'S MOTION FOR A STAY OF THE JUDGMENT PENDING APPEAL**

Pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, a party who appeals from a judgment is entitled to a stay of the judgment pending appeal upon the posting of a supersedeas bond. Since this case does not involve a money judgment, but the forfeiture of a sailboat of unknown value – which is already in the possession of the plaintiff, the United States of America – the amount of any supersedeas bond must be determined by the Court.

Claimant has tendered a nominal supersedeas bond in the amount of $100, pending further order from this Court. Claimant is seeking a waiver of the bond requirement, or, alternatively, the acceptance of the minimal bond which he already tendered.

> Under [F.R.Civ. P.] Rule 62(d), execution of a money judgment is automatically stayed pending appeal upon the posting of a supersedeas bond. The nature and the amount of the bond is entrusted to the discretion of the trial court. *Sckolnick v.*

1

> *Harlow*, 820 F.2d 13, 15 (1st Cir. 1987). The bond requirement is intended to protect the interest of the creditor's right under judgment during the pendency of the appeal. *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986). Courts have held that no bond is required if: (1) the defendant's ability to pay is so plain that the posting of a bond would be a waste of money; or (2) the bond would put the defendant's other creditors in undue jeopardy. *Olympia Equipment Leasing Corp. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986).

*Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 16-17 (1st Cir. 2002). Although judgments forfeiting property do not technically involve money judgments, the automatic stay of Rule 62(d) has been applied in forfeiture cases. See *United States v. Woburn City Athletic Club*, 928 F.2d 1 (1st Cir. 1991). Because the res is in the possession of the government, the district court has discretion to waive the supersedeas bond requirement or to set a nominal bond.

> Because the res is unlikely to disappear, we see no reason to require the claimant to file a stay of execution or a supersedeas bond in a civil forfeiture action, because such bonds are typically filed to protect the interests of the party that prevailed in the district court. Having prevailed below, the government, if it wins on appeal, is assured of execution regardless of whether Baxter files a bond or stays execution of the judgment.

*Woburn City Athletic Club,* at 4, quoting *United States v. $ 95,945.18*, 913 F.2d 1106, 1109 (4th Cir. 1990).

Since the government already has custody of the sailboat, the only conceivable harm in waiving the supersedeas bond is that additional storage costs could be incurred during the pendency of the appeal. That is not a real danger, however, since Dr. Lane would stipulate to the interlocutory sale of the sailboat, provided that a minimum reserve is set[1] in an amount agreed to

---

[1] Because auctions of forfeited property are considered distress sales they typically result in prices significantly below fair market value – in fact they are often advertised as such. Given the fact that Dr. Lane and other co-owners of the sailboat were not served with notice and given the opportunity to contest the forfeiture before default judgment was entered, the potential clouds on the title could deter potential bidders from offering full value.

by Dr. Lane and the other parties) and provided the proceeds of the auction are escrowed in an interest bearing account, or deposited in the Justice Department Forfeiture Fund, subject to interest under CAFRA, pending appeal.

Wherefore, this judgment must be stayed and this court should approve the nominal supersedeas bond already tendered by Dr. Lane, or waive it entirely.

>Respectfully submitted,
>Kerry Scott Lane, MD,
>
>By his attorneys,
>
>          s/Brenda Grantland
>Brenda Grantland, Esq.
>Law Office of Brenda Grantland
>20 Sunnyside Suite A-204
>Mill Valley, CA 94941
>(415) 380-9108
>(Pro hac vice)
>
>          s/Eric B. Goldberg
>Jeffrey P. Allen (BBO# 015500)
>Eric B. Goldberg (BBO# 564398)
>Seegel Lipshutz & Wilchins, P.C.
>Wellesley Office Park
>20 William Street, Suite 130
>Wellesley, MA 02481
>(781) 237-4400

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>ONE STAR CLASS SLOOP SAILBOAT BUILT IN 1930 WITH HULL NUMBER 721, NAMED "FLASH II",<br><br>Defendant.<br><br>KERRY SCOTT LANE,<br><br>Claimant. | Civil Action # 05-10192 RWZ |

**ORDER GRANTING STAY
AND APPROVING SUPERSEDEAS BOND**

**ZOBEL, DISTRICT JUDGE:**

In consideration of the Motion by Claimant Kerry Scott Lane for a stay of the judgment pending appeal, it is this ____ day of _____ hereby

ORDERED that the motion is granted.  The Court hereby [waives a supersedeas bond/ approves the nominal supersedeas bond posted by Claimant.]

_____
RYA W. ZOBEL
United States District Judge

Jeffrey P. Allen (BBO# 015500)
Eric B. Goldberg (BBO# 564398)
Seegel Lipshutz & Wilchins, P.C.
Wellesley Office Park
20 William Street, Suite 130
Wellesley, MA 02481

Brenda Grantland, Esq.
Law Office of Brenda Grantland
20 Sunnyside Suite A-204
Mill Valley, CA 94941

Shelbey D. Wright
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210

J. Thomas Kerner, Esq.
230 Commercial Street
First Floor
Boston MA 02109