```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA,          ) | |
|     Plaintiff,                  ) | |
|                                    ) | |
| v.                                 ) | 05 CV 10192 RWZ |
|                                    ) | |
| ONE STAR CLASS SLOOP SAILBOAT      ) | |
| BUILT IN 1930 WITH HULL            ) | |
| NUMBER 721, NAMED "FLASH II,"      ) | |
|     Defendant.                  ) | |

**CLAIMANT HARRY E. CROSBY'S OPPOSITION TO DR. KERRY S. LANE'S MOTION FOR STAY OF JUDGMENT PENDING APPEAL**

Now comes Claimant Harry E. Crosby and files this opposition to Dr. Kerry S. Lane's Motion for stay of judgment pending appeal. In his motion Dr. Lane requests that the Court order the government to deposit the net proceeds from a scheduled auction of the defendant sailboat into an interest bearing account pending the outcome of Dr. Lane's Appeal. Mr. Crosby opposes any order which would prohibit the government from disbursing one-third of the net proceeds to Mr. Crosby immediately upon receiving the funds from the agent who has been contracted to sell the defendant sailboat.

During the pendency of the forfeiture proceedings Mr. Crosby established that he owns a one-third interest in the sailboat which is not compromised by any of Gregory "Ole" Anderson's illegal drug dealings. Mr. Crosby's interest in the sailboat has been recognized by the government and the Court. When the Court entered its July 15, 2005 judgment forfeiting the sailboat to the United States, it ordered the United States Marshals Service to

sell the boat and to pay Mr. Crosby one-third of the net proceeds.

Since the Court forfeited the sailboat, the United States Marshal signed a contract with an auction house. The sailboat shall be included with over 1,500 pieces of John F. Kennedy memorabilia from the estate of Robert L. White and sold during a three day auction in December 2005. Finally, after waiting since mid-1996, Claimant Crosby expects to receive a return on his substantial investment.

Dr. Lane contends that he has a rightful claim to 30% of the net proceeds from any sale of sailboat. Even if Dr. Lane's appeal were to be allowed, his claim would have no baring on Mr. Crosby's recognized one-third interest in the sailboat. A stay relating to the government's share of the sale proceeds is unnecessary. <u>Dusenbery v. United States</u>, 534 U.S. 161 (2002) (no stay of forfeiture and claimant's five year old claim, attacking notice, is litigated).

Accordingly, Dr. Lane's motion for a stay of the judgment pending appeal should be denied. Mr. Crosby's one-third interest in the net proceeds of the December auction should be disbursed to him according to the Court's July 15, 2005 judgment.

Respectfully Submitted,

HARRY E. CROSBY,
By his attorney:

_____

J. THOMAS KERNER
Mass. BBO # 552373
Attorney at Law
230 Commercial Street
First Floor
Boston, MA 02109
(617) 720-5509