```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,         )
        Plaintiff,                )
                                  )Civil Action # 05-10192-RWZ
     v.                           )
ONE STAR CLASS SLOOP SAILBOAT     )
BUILT IN 1930 WITH HULL NUMBER    )
721, NAMED "FLASH II,"            )
                                  )
        Defendant.                )
```

## GOVERNMENT'S RESPONSE TO MOTION TO COMPEL DISCOVERY; AND GOVERNMENT'S MOTION TO COMPEL

### I.   Procedural Background

The government filed an in rem proceeding against a Star Class Sloop Sailboat built in 1930 with Hull Number 721, named "Flash II," (the "Sailboat") on February 1, 2005. Docket Entry 1. This Court issued a Judgment and Order of Forfeiture on July 15, 2005. Docket Entry 15. Kerry Scott Lane ("Lane") filed a motion to set aside the forfeiture on July 27, 2005, alleging an interest in the Sailboat, alleging that while he knew the Sailboat had been seized by the Drug Enforcement Administration, he did not know about the forfeiture proceeding. Docket Entry 16. This Court denied this motion on August 16, 2005. Lane then filed a motion on August 29, 2005 to alter or amend the order denying the motion. Docket Entry 20. This Court denied that motion on October 18, 2005. Lane appealed the Court's denial of

its Motion to Vacate on November 8, 2005.  Docket Entry 24.  Lane moved the Court to stay the judgment of forfeiture, and therefore stay the auction of the Sailboat, on a nominal bond.  Docket Entry 25.  The Court denied that motion on November 17, 2005.  Lane did not appeal the denial of his motion to stay, and he did not file a motion for an order staying the auction in the First Circuit Court of Appeals.

On August 18, 2006, the First Circuit Court of Appeals vacated this Court's Order denying Lane's Rule 60(b) motion, and remanded "for further proceedings to determine whether plainly indicated and easily accomplished efforts undertaken with reasonable diligence during the relevant time frame would have led the government directly to Lane."  United States v. One Star Class Sloop Sailboat, 458 F.3d 16, 25 (1st Cir. 2006).  The First Circuit summed up the purpose of the remand in this way:

> If the district court finds either that Lane had actual notice of the forfeiture proceeding or that his identity and whereabouts were not readily ascertainable to the government with minimal effort, *that will be the end of the matter.*  If, however, the court finds that Lane had no notice in fact of the forfeiture action, that the government's efforts to identify him were nonexistent or otherwise insufficient under the circumstances, and that Lane has satisfied the other prerequisites for Rule 60(b) relief, Lane's motion would have to be granted and the forfeiture judgment, as it pertains to his interest in Flash II, would have to be set aside.

458 F.3d at 25-26 (emphasis supplied).

**II.  Facts as to this dispute**

The government disagrees with Lane's characterization of the items leading up to Lane's motion being filed before the Court. The correspondence between the attorneys, filed as Docket Entry 36-4, accurately informsthe Court of the status of the matter, and a point by point response to Lane's assertions would not advance resolution of the disputed issues.  If the Court wishes a point by point response, the government will of course comply.

**III. Analysis of Disputed Items**

The government respectfully submits that a single fundamental disagreement between the parties leads to most of the disputed issues: the scope of discovery appropriate at this stage in the proceeding.  The First Circuit heard this case on a limited issue and remanded it for a limited purpose: to determine whether Lane had actual notice of the forfeiture proceeding and/or whether his identity and whereabouts were readily ascertainable to the government with minimal effort.  A finding against Lane on either point "will be the end of the matter." One Star Class Sloop, 458 F.3d at 25. Accordingly, discovery on issues that do not relate to either what Lane knew or should have known, or what the government did or should have done to find Lane are outside the scope of the remand.  Id.

**1. Information Gathered after October 18, 2005 Is Outside the Scope of the Remand.**

The government submitted complete responses to Lane's interrogatories to the extent that those interrogatories asked what the government did to find Lane prior to the Court's issuance of the default judgment.[1] However, information that the government may or may not have obtained beyond this date is outside the scope of the remand.

To the extent that the interrogatories seek information regarding the government's contact of potential witnesses subsequent to the remand by the First Circuit, such interviews would be classic work product. See Hickman v. Taylor, 329 U.S. 495, 509 (1947). As the First Circuit has stated, "[o]ur adversarial system of justice cannot function properly unless an attorney is given a zone of privacy within which to prepare the

---

[1] Lane complains that the government declined to break its responses into the subparts set forth by Lane. The disputed subparts asked whether the government had posited specific questions to persons interviewed. The government responded with the substance of all interviews conducted, including any contemporaneous reports prepared of such interviews. The government respectfully submits that it is impossible for a government agent to state under oath, two years after an interview took place, whether a specific question was asked. As noted in the classic case of Hickman v. Taylor,
> [T]he demand is not for the production of a transcript in existence but calls for the creation of a written statement not in being.

Hickman v. Taylor, 329 U.S. 495, 516 (1947). Such demands are unreasonable. The government endeavored to comply with the interrogatories by stating whether interviews occurred and producing any contemporaneous reports of such interviews. The government submits that it has fulfilled its duty in this case.

client's case and plan strategy, without undue interference." <u>In re San Juan Dupont Plaza Hotel Fire Litigation</u>, 859 F.2d 1007, 1014 (1st Cir. 1988).  The work product privilege can be overcome when there is a compelling necessity.  However, here, there is no such necessity as to any investigation after the date of the default judgment because the facts are equally available to both sides.  To the extent that Lane contends that interviews with certain persons today will show what information could have been available in October 2004 had the government sought the information at that time, such interviews are just as available to Lane as they are to the government.  <u>See</u> <u>Hickman</u>, 329 U.S. at 516 ("Discovery was hardly intended to enable a learned profession to perform its functions . . . on wits borrowed from the adversary.")

       **2.**    **Information Regarding the Auction Is Not Relevant to the Issues on Remand.**

Information regarding the disposition of the Sailboat is also outside the scope of the First Circuit's remand.  First, unless Lane prevails on both the inquiry as to his own notice as well as the inquiry as to "whether his identity and whereabouts were readily ascertainable to the government with minimal effort," all other issues are moot, because under the terms of the First Circuit's remand, a finding against Lane on either point "will be the end of the matter."  458 F.3d at 25.  Accordingly, discovery on this issue is not ripe at this stage in

the proceeding.  See also L.R. 26.3 ("the judicial officer has discretion to structure discovery activities by phasing and sequencing the topics which are the subject of discovery.")

Additionally, Lane has waived any right to contest the sale of the Sailboat, by failing to appeal this Court's denial of a stay of the auction and failing to seek a stay in the Court of Appeals.  See Acevedo-Garcia v. Vera-Monroig 296 F.3d 13, 15 (1st Cir. 2002) (bond required for stay, even for Commonwealth of Puerto Rico).

Lane sought a stay the auction of the Sailboat, and when it was denied, he elected not to seek review of this Court's order, or alternatively, to seek the same stay in the Court of Appeals pursuant to Federal Rule of Appellate Procedure 8(a).  Accordingly, he is barred from revisiting the issue of the value of the boat.  See In the Matter of Combined Metals Reduction Co., 557 F.2d 179, 193 (10th Cir. 1977)("absent a stay of the court's orders, the trustee cannot be faulted for disposing of the various properties in accordance with those orders.  The burden of obtaining stays of the district court's orders was on the appellant . . . .").  See also In Re Dutch Inn of Orlando, Ltd, 614 F.2d 504 (5th Cir. 1980) (judicial sale of assets moots appeal of sale order).

Finally, as a factual matter, Lane is barred from objecting now to the auction of the Sailboat by his own affidavit of August

28, 2005, in which he stated that "I do not oppose the sale of the auction in December, so long as sufficient proceeds are reserved in escrow to cover my share of the proceeds." Docket Entry 20, Exhibit 3, at ¶6. Lane cannot now be heard to complain that the sale should not have taken place, when his own sworn statement averred that he did not object.

### 3. Lane's Request to Compel Depositions of Government Attorneys and Agents Is Not Ripe.

As noted in Lane's memorandum, Lane has requested depositions of certain Department of Justice employees, including three persons employed by the United States Attorney's Office and one Special Agent from the Drug Enforcement Administration. The government responded, setting forth the Touhy regulations that must be complied with to seek the testimony of a Department of Justice employee. Lane provided his statement of the subject matter that he would be seeking testimony about on November 15, 2006. The undersigned has submitted this information under the appropriate Department of Justice procedures for management consideration, and no determination has yet been made. Therefore, the question of depositions of Department of Justice personnel is not yet ripe. If such depositions are declined, the government respectfully requests the opportunity to brief this issue further, based on such declination.

The undersigned agrees that, either through the Touhy process or through determination by this Court, it is determined

that any such depositions should proceed, the discovery deadline shall not pose a bar.

**4.   Information Not Addressed in L.R. 7.1 Conferences**

Lane sets forth certain items in his motion that were never the subject of any attempt to resolve the issues without judicial intervention.  The government respectfully submits that they are therefore not the proper subject of this motion and should not be addressed by the Court, particularly because a simple "confer" request could have resolved these items.  See Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 101-02 (D. Mass. 1996).  Nevertheless, the government addresses them briefly below, in the interest of resolving all items in a single hearing before the Court.

**A. Confidential Informants**

Interrogatories can only be addressed to parties.  Fed. R. Civ. P. 33.  Lane attempted to circumvent this Rule by defining the target of the interrogatories to include confidential informants.  There is no basis in the Rules for expanding the definition of a party beyond the party's actual scope. Accordingly, Lane's contention on this issue has no merit.

The only relevant question as to the confidential informant in this case is whether he/she provided information to the government regarding the identity of the Sailboat's owners.  The government has provided reports detailing all information obtained from the confidential informant regarding Lane's alleged

interest in the Sailboat.

  **B.**  **Privileges**

The government did not provide a privilege log because nothing was withheld on such grounds.

**IV. GOVERNMENT'S MOTION TO COMPEL**

As set forth in Lane's motion and the attachments thereto, the government attempted to dispense with all depositions in this matter by seeking stipulations of fact, from which the Court could determine the questions at issue: whether Lane knew of the forfeiture and whether the government made reasonable efforts to identify all owners of the Sailboat.  <u>See</u> Rue Email dated 9 Nov 2006, Document 36-4, at page 10; Rue Email dated 14 Nov 2006, Document 36-4, at page 19.  Ultimately, Lane declined to proceed by stipulations, because Lane concluded that the government would seek his deposition regardless.  <u>See</u> Grantland Email dated 14 Nov 2006, Document 36-4, at page 18 ("we determined that if the government is intending to depose Dr. Lane, there is no way we would forego our depositions of the four government agents. . . . That's the bottom line."); Grantland Email dated 15 Nov 2006, Document 36-4, at page 21 ("it would be a waste of time to try to negotiate a stipulated set of facts with you . . . .  We're entitled to discovery, and I intent to get it.").

Accordingly, on December 4, 2006, the government noticed Lane's deposition.  In cover correspondence, the government

offered to defer the deposition until Lane's motion to compel was resolved. Instead, on December 5, 2006, Lane's counsel responded that the notice was inadequate and "we will not comply."

Therefore, it appears that the parties are at impasse on this issue, and the government moves for an order compelling Lane to attend his deposition.

## V.  Conclusion

As set forth in detail above, the government respectfully submits that the discovery requested by Lane is outside the scope of the First Circuit's remand, and therefore respectfully requests that the motion to compel be denied. Additionally, the government submits that its deposition notice to Lane was timely and appropriate, and therefore moves that the Court compel Lane to attend.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                    By:   /s/ Nancy Rue
                              Nancy Rue
                              Assistant U.S. Attorney
                              U.S. Attorney's Office
                              J.Jos. Moakley U.S. Courthouse
                              One Courthouse Way, Suite 9200
                              Boston, MA  02210

CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2)

    I hereby certify that I conferred with counsel for Lane in an attempt to avoid a motion to compel regarding his deposition, and attempted in good faith to avoid or narrow the issue, but was unsuccessful.

                                   /s/ Nancy Rue
                                   Nancy Rue
                                   Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                   /s/ Nancy Rue
                                   Nancy Rue
                                   Assistant United States Attorney

Date:    December 8, 2006