UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
|     Plaintiff,            ) | |
|                 ) | |
| v.            ) | 05 CV 10192 RWZ |
|                 ) | |
| ONE STAR CLASS SLOOP SAILBOAT ) | |
| BUILT IN 1930 WITH HULL            ) | |
| NUMBER 721, NAMED "FLASH II,"  ) | |
|     Defendant.            ) | |

**CLAIMANT HARRY E. CROSBY'S MOTION TO QUASH SUBPOENA TO
PRODUCE AND PERMIT INSPECTION AND COPYING OF DOCUMENTS**

Now comes Harry E. Crosby and, pursuant to F.R.Crim.P. 45(c), objects to the subpoena served on him by counsel for Dr. Kerry S. Lane [Lane's subpoena on Crosby]. Until and unless Dr. Lane's default is vacated and he is permitted to litigate the validity and extent of his claim in this forfeiture proceeding, Crosby requests that this Honorable Court enter an order relieving Mr. Crosby from the burden of complying with Lane's subpoena on Crosby. (Copy of subpoena and Attachment A attached)

Previously, this Court denied Dr. Lane's motion to set aside the forfeiture of the Flash II to the United States. Dr. Lane was an owner of the Flash II but failed to file a claim in the instant forfeiture proceeding. According to Dr. Lane he knew that the United States had seized the vessel but was unaware that the government had initiated forfeiture proceedings. Dr. Lane further claims that the government had a duty to notify him of the forfeiture

proceeding.  The United States Court of Appeals has issued an order directing this Court to determine whether certain circumstances existed at the time Dr. Lane filed his motion and to further determine whether to set aside the forfeiture judgment, as it pertains to Dr. Lane's interest in the Flash II.  United States v. One Star Class Sloop Sailboat, 458 F.3d 16, 25 (1st Cir. 2006).

It is Crosby's understanding that this Court has scheduled a hearing consistent with the Court of Appeals directive.  Crosby further understands (from government counsel) that the Court has closed discovery for purposes of the upcoming hearing.

Dr. Lane's attorney has served a subpoena on Crosby requesting copies of numerous documents.  All of the documents requested relate to the extent of Dr. Lane's interest in the Flash II.[1]  None of the requested documents relate to whether Dr. Lane had actual notice of the forfeiture proceeding or whether his identity and whereabout were readily ascertainable to the government with minimal

---

[1] It does not seem that the government is contesting whether Dr. Lane had standing to file a claim.  This Court has ruled and the government contends that Dr. Lane simply waited too long to try to file a claim.

effort.[2]

Crosby is unaware whether he possesses many of the documents which are described in Attachment A to the subpoena. It will be time consuming and expensive for Crosby to first search for any document he may have which may comply with the subpoena and then meet with his attorney to determine whether his documents must be produced. Crosby lives in Florida. His attorney is in Massachusetts.

Crosby has informed the government's attorney that, at the time he filed his claim, he was not questioned regarding who besides he and Ole Anderson had an ownership interest in the Flash II. Had Crosby been questioned he would have identified Chuck Fitzgerald as a one time (initial) owner and further identified Dr. Kerry Lane, last known address somewhere in Florida, as another owner.

When Crosby filed his claim his attorney informed the government that Crosby learned that the government had seized the Flash II from Anderson. Recently, during an interview with DEA S/A Willoughby, Crosby stated that he received a phone call from Ole Anderson within a day or two after the government seized the Flash II and that Anderson told him that he was going to call Dr. Lane. Anderson later

---

[2] Crosby never has possessed a document which contained Dr. Lane's address, phone number, fax or e-mail.

confirmed that he did alert Dr. Lane of the seizure. As per Anderson's advise, Crosby hired counsel to protect his interest in the vessel. Anderson informed Crosby that he similarly told Dr. Lane to retain counsel. Crosby told the government that he didn't know Dr. Lane's address. He was not told Dr. Lane's address by Anderson. Crosby had met Dr. Lane once, at the failed auction of the Flash II in or about 1998.

Since (at least to the belief of Crosby) discovery has been closed with respect to the issues which shall be addressed during the January 31, 2007 hearing and it will be unduly burdensome and expensive for Crosby to comply with Lane's subpoena on Crosby, Crosby respectfully requests that he be relieved from complying with the subpoena unless and until Dr. Lane's default is vacated and he is permitted to litigate whether his interest in the Flash II should be forfeited. Crosby can verify that Anderson represented to Crosby that Dr. Lane bought an ownership interest in Flash II when Chuck Fitzgerald demanded to be bought out. Crosby cannot provide documentation which will demonstrate whether Dr. Lane had actual notice of the instant forfeiture proceedings prior to this Court's forfeiture judgment. Nor can Crosby provide documentation which contains Dr. Lane's address, phone number, fax or e-mail prior to, at the time

of or after the Flash II was seized by federal law enforcement in October 2004.

## **LOCAL RULE 7.1 CERTIFICATION**

Now comes counsel for Harry E. Crosby and certifies that prior to filing this motion a copy was faxed to counsel for Dr. Kerry Lane for purposes of determining whether the parties could resolve the issues raised in the motion without court intervention.  Dr. Lane's attorney's response was, "go ahead and file your motion to quash."

                                                **Respectfully Submitted,**

                                                **HARRY E. CROSBY,**
                                                **By his attorney:**

                                                _____

                                                **J. THOMAS KERNER**
                                                **Mass. BBO # 552373**
                                                **Attorney at Law**
                                                **343 Commercial Street**
                                                **Unit 104**
                                                **Boston, MA 02109**
                                                **(617) 720-5509**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF   Massachusetts

United States of America

v.

One Star Class Sloop Sailboat Built in 1930 With Hull Number 721, Named "Flash II"

**SUBPOENA IN A CIVIL CASE**

Case Number: 05-10192-RWZ

TO: Harry E. Crosby
c/o J. Thomas Kerner
230 Commercial Street, First Floor
Boston MA 02109

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE  Office of Seegal, Lipshutz & Wilchins, P.C., 20 William Street, Suite 130, Wellesley, MA 02481 (Attention: Attorney Eric Goldberg) 781-237-4400 | DATE AND TIME January 10, 2007 10 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Brenda Grantland, attorney for claimant Kerry Lane | 12/27/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Brenda Grantland, Attorney at Law, 20 Sunnyside Suite A-204, Mill Valley, CA 94941 (415) 380-9108

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

Harry E. Crosby subpoena duces tecum
Attachment "A"

All records for the period January 1, 1996 to the present, whether in your possession or control or the possession or control of your attorneys or agents, relating to or concerning the following:

**ONE STAR CLASS SLOOP SAILBOAT, WITH HULL NUMBER 721, NAMED "FLASH II"**

The documents and records to be produced include, without limitation:

1. All documents indicating ownership of the Flash II Sailboat, including all contracts between any of the parties holding an interest in the Flash II Sailboat;

2. All documents, including correspondence, mentioning or relating to the storage of the Flash II Sailboat in Delray Beach, Florida, or its transportation to or from that location.

3. All documents listing the name or address of Kerry Scott Lane (or "Dr. Lane");

4. All documents relating to Sailorman New and Used Marine Emporium, or Chuck Fitzgerald, or the person(s) who purchased Sailorman's/Fitzgerald's interest in the Flash II;

5. All documents relating to the 1998 (unsuccessful) auction of the Flash II;

6. All correspondence, press releases or other documents to, from, or naming attorney Robert Harper.