UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Civil Action No.05-10192-WGY |
| ) | |
| ONE STAR CLASS SLOOP SAILBOAT  ) | |
| BUILT IN 1930 WITH HULL NUMBER 721,) | |
| NAMED "*FLASH II*,"  ) | |
| Defendant.  ) | |

### GOVERNMENT'S RESPONSE TO ALLEGATIONS REGARDING COMMUNICATIONS WITH ATTORNEY ROBERT A. HARPER

Lane's counsel asserts that the government's interrogatories in this case were "skillfully phrased to disguise the fact that, during the relevant time period, *the Boston U.S. Attorneys Office was engaging in discussions with Harper in relation to the criminal investigation of Ole Anderson in the Boston area – but did not bother asking him about ownership of the sailboat.*" Lane's Memorandum of Law, Docket 45-2, page 7 of 14 (emphasis in original). Both of Lane's allegations – that (1) the Boston U.S. Attorney's Office had engaged in discussions with Harper regarding Ole Anderson and (2) that the government phrased its interrogatories to conceal that fact – are false.

The undersigned Assistant U.S. Attorney drafted the response to the interrogatory in question after conferring with AUSA Shelbey Wright, who had been previously assigned to this matter. As an officer of the Court, the undersigned respectfully – and emphatically – states that the drafting of the response was not intended to disguise anything. It was intended simply to answer

the question clearly, without undercutting the government's general objection to requests for information regarding government investigation after the date of the district court's order of judgment.

The question posed in the interrogatory was whether there had been conversations between "February 2004 and present." The answer was limited to "between February 2004 and October 18, 2005" based on the government's objection "to all requests that extend beyond October 18, 2005, the date of the district court's judgment in this matter." See Objection 8, Attached to Lane's Memorandum as Docket Entry 45-15 at page 2 of 8.

Moreover, as an officer of the Court, the undersigned states – and avers – that she has personally contacted every Assistant United States Attorney in the Boston office who had any involvement, tangential or otherwise, with the criminal investigations that led to the seizure of the Kennedy sailboat. The undersigned has received responses from each AUSA except former AUSA Denise E. Casper. The undersigned has left a voicemail for Casper and sent an email message to her, and will supplement this Response as appropriate. None of the AUSAs involved could recall ever having any contact with any attorney for Gregory Olaf Anderson, and none of these AUSAs could think of any reason that any other Boston AUSA or USAO personnel would have contacted any attorney for Gregory Olaf Anderson. None of them expressed any familiarity with the name Robert Augustus

2

Harper.  Affidavits to this effect are submitted herewith.

The undersigned personally had no knowledge of the name Robert August Harper (or Robert A. Harper) until reviewing the Marblehead Trading Company files, in which Harper's name and address is given as a contact point for Ole Anderson.

The undersigned has been an Assistant United States Attorney since February 2001, and was exclusively assigned to narcotics investigations for more than two years.  Based on the undersigned's experience with narcotics investigations and asset forfeiture investigations in the United States Attorney's Office in Boston, the undersigned has NO reason to believe that anyone in this office would have contacted Robert A. Harper or any other attorney for Gregory Olaf Anderson at any time relevant to this case.[1]

The undersigned contacted Brenda Grantland seeking her assent to file this supplementary information in response to Lane's filings.  Grantland stated that she objected to any

---

[1] It is worth noting that Harper does not assert that he had contact with the U.S. Attorney's Office *in Boston* in his affidavit.  He states that "After the (failed) auction, Affiant was in contact with the Office of the United States Attorney regarding a criminal investigation of Mr. Anderson in the Boston Area.  Given that Harper and Anderson resided in Florida, the auction took place in New York in March of 1998, and Anderson was indicted on drug charges in Arizona in 2001 (the basis of his extorting return of the CI's interest in the Sailboat), it is possible that an attorney in one of the other 92 U.S. Attorney's offices had contact with Harper regarding Anderson's criminal conduct in the six and a half years between the failed auction and the seizure.

3

supplementary filing.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:  /s/ Nancy Rue
>Nancy Rue
>Assistant U.S. Attorney
>U. S. Attorney's Office
>J. Jos Moakley U.S. Courthouse
>One Courthouse Way, Suite 9200
>Boston, MA  02210

After being duly sworn, I affirm that the above statements are true and correct, to the best of my knowledge.  So stated under penalty of perjury.

> /s/ Nancy Rue
>Nancy Rue

## COMPLIANCE WITH L.R. 7.1

I certify that I attempted to confer with counsel for Lane, and she objects to the filing of this response.

> /s/ Nancy Rue
>Nancy Rue

## CERTIFICATE OF SERVICE

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

> /s/ Nancy Rue
>Nancy Rue
>Assistant U.S. Attorney

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,           )
            Plaintiff,              )
                                    )
      v.                            ) Civil Action No.05-10192-WGY
                                    )
ONE STAR CLASS SLOOP SAILBOAT       )
BUILT IN 1930 WITH HULL NUMBER 721, )
NAMED "*FLASH II*,"                 )
            Defendant.              )

## AFFIDAVIT OF SHELBEY WRIGHT

I, Shelbey Wright, being duly sworn, depose and state as follows:

1. I am aware of the criminal investigation of the confidential informant and others described in Gregg Willoughby's reports in File No. CC-02-0118. I believe I became involved in this matter after the criminal investigation was completed, when it was referred to me for civil forfeiture proceedings.

2. I have never spoken to Florida attorney Robert A. Harper.

3. I know of no one associated with the U.S. Attorney's Office in Boston who spoke to Florida attorney Robert A. Harper with regard to this criminal investigation, the Kennedy Sailboat, or any other matter.

4. At the time that I became involved in this matter, I had no knowledge of which Assistant U.S. Attorneys from the Criminal Division were involved in this matter. I have subsequently learned that Rachel Hershfang was involved. No other Assistant U.S. Attorneys from the Civil Division were

     involved in this case.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 30TH DAY OF JANUARY 2007.

                                                /s/ Shelbey D. Wright
                                                Shelbey Wright

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br><br>      v.<br><br>ONE STAR CLASS SLOOP SAILBOAT<br>BUILT IN 1930 WITH HULL NUMBER 721,<br>NAMED "*FLASH II*,"<br>            Defendant. | )<br>)<br>)<br>) Civil Action No. 05-10192-WGY<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF RACHEL E. HERSHFANG

I, Rachel E. Hershfang, being duly sworn, depose and state as follows:

1. I was involved in the criminal investigation of the confidential informant and others described in Gregg Willoughby's reports in File No. CC-02-0118.

2. I have never spoken to Florida attorney Robert A. Harper.

3. I know of no one associated with the U.S. Attorney's Office in Boston who spoke to Florida attorney Robert A. Harper with regard to this criminal investigation, the Kennedy Sailboat, or any other matter.

4. The only other Assistant U.S. Attorneys whom I am aware of who had involvement with this case were Peter Levitt, John Wortmann and Shelbey Wright.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 30TH DAY OF JANUARY 2007.

                                    /s/ Rachel E. Hershfang
                                    Rachel E. Hershfang

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,           )
        Plaintiff,                 )
                                   )
        v.                         ) Civil Action No. 05-10192-WGY
                                   )
ONE STAR CLASS SLOOP SAILBOAT       )
BUILT IN 1930 WITH HULL NUMBER 721, )
NAMED "*FLASH II*,"                 )
        Defendant.                 )

## AFFIDAVIT OF PETER LEVITT

I, Peter Levitt, being duly sworn, depose and state as follows:

1. I was involved in the criminal investigation of the confidential informant and others described in Gregg Willoughby's reports in File No. CC-02-0118.

2. I have never spoken to Florida attorney Robert A. Harper.

3. I know of no one associated with the U.S. Attorney's Office in Boston who spoke to Florida attorney Robert A. Harper with regard to this criminal investigation, the Kennedy Sailboat, or any other matter.

4. The only other Assistant U.S. Attorneys whom I am aware of who had involvement with this case were Rachel Hershfang, John Wortmann, Denise Casper and Shelbey Wright.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 30TH DAY OF JANUARY 2007.

_____
Peter Levitt

```
                 UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,         )
          Plaintiff,              )
                                  )
     v.                           )Civil Action No.05-10192-WGY
                                  )
ONE STAR CLASS SLOOP SAILBOAT     )
BUILT IN 1930 WITH HULL NUMBER 721,)
NAMED "FLASH II,"                 )
          Defendant.              )
```

### AFFIDAVIT OF JOHN A. WORTMANN, JR.

I, John A. Wortmann, Jr., being duly sworn, depose and state as follows:

1. I am generally familiar with the criminal investigation of the confidential informant and others described in Gregg Willoughby's reports in File No. CC-02-0118, and I had limited involvement in certain aspects of that investigation.

2. I do not believe that I ever spoke to Florida attorney Robert A. Harper. I do not recall speaking to him, and I do not know why I would have been contacted by an attorney for Gregory Olaf Anderson, whose name is not familiar to me.

3. I know of no one associated with the U.S. Attorney's Office in Boston who spoke to Florida attorney Robert A. Harper with regard to this criminal investigation, any sailboat that was seized and is alleged to be connected with former President Kennedy, or any other matter.

4. The other Assistant U.S. Attorneys whom I believe had substantial involvement with the investigation described above were Peter Levitt, Rachel Hershfang, Shelbey Wright,

and possibly Denise E. Casper. Denise Casper was assigned to take over the case of <u>United States v. Sean Bucci et al</u> when I was assigned to another case full time in or about June, 2003. I do not know specifically what Ms. Casper did on this investigation after she assumed responsibility for it.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 30TH DAY OF JANUARY 2007.

_____
JOHN A. WORTMANN, JR.,