UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action # 05-10192 RWZ |
| ONE STAR CLASS SLOOP SAILBOAT BUILT IN 1930 WITH HULL NUMBER 721, NAMED "FLASH II", | |
| Defendant. | |
| KERRY SCOTT LANE, M.D. | |
| Claimant. | |

### JOINT CASE MANAGEMENT CONFERENCE STATEMENT PURSUANT TO LOCAL RULE 16.3

Claimant Kerry Scott Lane, M.D., by his attorneys, Brenda Grantland and Eric Goldberg, and the United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, submit this Joint Case Management Conference Statement pursuant to Local Rule 16.3.  The parties having conferred, it is agreed as follows:

**1.    Settlement possibilities and the measure of damages**

**Claimant's position:**

It appears that settlement is unlikely until the Court resolves the issue of the fair market value of the sailboat.  The government contends that the fair market value is $100,000 – the amount the sailboat sold for at the Guernsey's auction in December 2006.  Dr. Lane contends that the auction was a distressed sale, and that the sailboat sold at a price far below market value

because publicity about the forfeiture case and Dr. Lane's pending appeal challenging the validity of the default judgment created a cloud on the title which discouraged bidding. Dr. Lane contends that the appraisal the government obtained from Guernsey's auction house in November 2004 – valuing the sailboat at $800,000 to $1,000,000, and the unsuccessful high bid of $800,000 at the Guernsey's auction in 1998 are more accurate measures of fair market value. Furthermore, Dr. Lane contends that, since the failure to provide due process notice rendered the judgment of forfeiture void, the United States did not have valid title when it sold the boat at auction, and the auction sale could be voided as an alternative remedy. If the United States is not willing to compensate him in the range Dr. Lane believes to be the fair market value, he wants the auction voided, so that the sailboat can be returned to him for an arms-length sale at fair market value.

In addition to compensation (or return of the sailboat), Dr. Lane is entitled to an attorneys fee award under CAFRA, 28 U.S.C. § 2465(b)(1)(A).

**Government's position:**

The government believes that settlement of this case may be possible without trial. The government contends that the value of the boat was established when it was sold at auction pursuant to a lawful order of this Court. The government will submit a brief regarding the valuation of the boat, and respectfully submits that a ruling by the Court would assist the parties in determining whether resolution is possible. The government will submit its brief no later than March 20, 2007, with responsive brief to be submitted within 3 weeks. The government respectfully requests that a hearing on this issue be scheduled at the earliest motion docket after the briefing is completed.

2.     **Principle issues in contention**

<u>**Claimant's position:**</u>

It is unlikely that this case has any triable issues other than the valuation of the sailboat. Claimant intends to file a motion for summary judgment arguing that there is no legal basis for a forfeiture case. The government's theory is that its informant invested drug proceeds in the sailboat – but the informant admitted that the alleged proceeds that he "loaned" to Ole Anderson to invest in the sailboat were repaid by Ole Anderson before the sailboat was seized. This traces proceeds into, and back out of the sailboat, leaving it free of any taint. Unless the government has some other forfeiture theory, there were no grounds for forfeiture when the sailboat was seized.

<u>**Government's position:**</u>

The government asserts that the forfeitability of the boat has already been determined in a ruling by this Court. Claimant apparently misapprehends the basis for that forfeiture. As set forth in the Complaint in this matter, the informant surrendered his interest in the sailboat to Ole Anderson as payment for a drug debt and as facilitation for a drug conspiracy. <u>See</u> Complaint, at ¶ 18. As noted earlier, the government also asserts that the valuation of the boat has been determined by the auction.Therefore, the government respectfully submits that the only issue is whether and in what proportion Claimant had an interest.

3.     **Discovery**

<u>**Claimant's position:**</u>

Unless the government's case survives summary judgment on the above issue, there will be no reason for discovery on any of Claimant's defenses.

Dr. Lane seeks answers to interrogatories 15 through 19 in his first set of interrogatories – which the government objected to as premature and refused to answer – and production of any documents identified in relation to those interrogatories. These interrogatories involve the auction and valuation issues – which are clearly ripe now. Dr. Lane seeks answers to those interrogatories and documents requests by March 15.

**Government's position:**

The government proposes that all discovery be completed by April 13, 2007.

**4.     Schedule for dispositive motions**

**Claimant's position:**

Dr. Lane will file his motion for summary judgment on the issues outlined in sections 1 and 2 above on or before April 15.

**Government's position:**

The government proposes to submits its motion regarding valuation by March 20, 2007.

         Respectfully submitted,

         /s/ Brenda Grantland
         Brenda Grantland, Esq.
         Law Office of Brenda Grantland
         20 Sunnyside Suite A-204
         Mill Valley, CA 94941
         (415) 380-9108
         Pro hac vice

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Nancy Rue
      Nancy Rue
      Assistant U.S. Attorney
      9200 J.Jos. Moakley U.S. Courthouse
      One Courthouse Way
      Boston, MA 02210