```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,        )
        Plaintiff,               )
                                 )Civil Action # 05-10192-WGY
    v.                           )
ONE STAR CLASS SLOOP SAILBOAT    )
BUILT IN 1930 WITH HULL NUMBER   )
721, NAMED "FLASH II,"           )
                                 )
        Defendant.               )
```

**GOVERNMENT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**AS TO SCOPE OF RELIEF**

## I. Introduction

Three issues are currently disputed between Kerry Scott Lane ("Lane") and the United States: (1) the forfeitability of the Star Class Sloop Sailboat built in 1930 with Hull Number 721, named "Flash II," (the "Sailboat"); (2) the value of the Sailboat; and (3) the validity and scope of Lane's ownership claim.

The United States respectfully moves for summary judgment as to issues (1) and (2), the forfeitability and value. The United States anticipates that early adjudication of these issues will allow extra-judicial resolution of issue (3), the validity and scope of Lane's claim.

## II. Procedural Background

The government filed a civil forfeiture action against the Sailboat on February 1, 2005. Docket Entry 1. Harry Crosby

("Crosby") filed a verified Claim on February 28, 2005. Docket Entry 4. This Court issued a Judgment and Order of Forfeiture on July 15, 2005, forfeiting the Sailboat subject to a one-third interest by Crosby. Docket Entry 15. That Order directed the U.S. Marshals Service to sell the Sailboat. Id. at ¶ 2.

Lane filed a motion to set aside the forfeiture on July 27, 2005, alleging that he had an interest in the Sailboat and alleging that while he knew the Sailboat had been seized by the Drug Enforcement Administration, he did not know about the forfeiture proceeding. Docket Entry 16. This Court denied this motion on August 16, 2005. Lane then filed a motion on August 29, 2005 to alter or amend the order denying the motion. Docket Entry 20. This Court denied that motion on October 18, 2005. Lane appealed the Court's denial of its Motion to Vacate on November 8, 2005. Docket Entry 24. Lane moved the Court to stay the judgment of forfeiture, and therefore stay the sale of the Sailboat. Docket Entry 25. Claimant Crosby objected to Lane's motion to stay the sale, noting that the Sailboat was scheduled to be offered at a public auction with over 1,500 pieces of John F. Kennedy memorabilia. Docket Entry 27. The Court denied Lane's motion to stay the sale on November 17, 2005. Lane did not appeal the denial of his motion to stay, and he did not file a motion for an order staying the auction in the First Circuit Court of Appeals. The Sailboat was sold at auction on December

16, 2005 by Guernsey's auction house.

On August 18, 2006, the First Circuit Court of Appeals vacated this Court's Order denying Lane's Rule 60(b) motion and remanded.  On remand, this Court has ruled that the government could have identified Lane as a potential claimant, and therefore granted his 60(b) motion to file a claim.

**III.   Argument**

   **A.   Summary Judgment Standard.**

Summary judgment is appropriate in civil forfeiture cases where, as here, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c); Gaskell v. Harvard Cooperative Society, 3 F.3d 495, 497 (1st Cir. 1993); United States v. One Parcel of Real Property, 900 F.2d 470, 473 (1st Cir. 1990) (affirming grant of summary judgment in civil forfeiture action where there were no genuine issues of material fact).  When a party moving for summary judgment demonstrates that there is an absence of evidence to support the nonmoving party's position, "the burden shifts to the nonmoving party to establish the existence of an issue of fact that could affect the outcome of the litigation and from which a reasonable jury could find for the opponent."  Rogers v. Fair, 902 F.2d 140, 143 (1st Cir. 1990).

The question at summary judgment whether there exists a

"genuine" issue of fact.  A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment.  Tower v. Leslie-Brown, 326 F.3d 290, 297 (1st Cir. 2003) (quoting with approval Torres v. E.I. Dupont de Nemours & Co., 219 F.3d 13, 18 (1st Cir. 2000)).  The standard is the same as for a directed verdict.  If a reasonable fact finder could only come to one conclusion, the moving party is entitled to judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Katz v. City Metal Co., 87 F.3d 26, 28 (1st Cir. 1996).

The United States contends that partial summary judgment is appropriate based on the record established by the pleadings in this case as to the issue of forfeitability and value of the Sailboat.

**B.  Forfeitability**

Under 21 U.S.C. § 881(a)(6), any "thing of value" that is furnished in exchange for a violation of the federal Controlled Substances Act is forfeitable.  Id.  It is beyond dispute that the Sailboat was forfeitable as the proceeds of a drug trafficking conspiracy, in violation of 21 U.S.C. § 841(a)(1) and § 846, or property traceable thereto.  Ole Anderson engaged in drug deals with a DEA cooperating witness ("CW").  Statement of Facts Pursuant to L.R. 56.1, Docket Entry 53, at ¶ 1.  The CW invested drug money in the Sailboat at the time that Anderson first purchased it.  Id. at ¶ 2.  The CW sold drugs to Ole

4

Anderson, and Anderson was arrested in possession of the drugs. Id. at ¶ 3. In payment for the seized drugs, and in payment for concealing the CW's involvement in the drug transactions, Anderson received the CW's interest in the Sailboat. Id. at ¶ 4. Based on these facts, the Sailboat was forfeitable as a matter of law.

### C.  Value

The U.S. Marshals Service sold the Sailboat pursuant to a lawful Court Order. Lane sought a stay the auction of the Sailboat, and when it was denied, he elected not to seek review of this Court's order, or alternatively, to seek the same stay in the Court of Appeals pursuant to Federal Rule of Appellate Procedure 8(a). Accordingly, having sat on his rights with regard to the question of a stay of the sale, he is now barred from revisiting the issue of the value of the boat. See In the Matter of Combined Metals Reduction Co., 557 F.2d 179, 193 (10th Cir. 1977)("absent a stay of the court's orders, the trustee cannot be faulted for disposing of the various properties in accordance with those orders. The burden of obtaining stays of the district court's orders was on the appellant . . . ."). See also In Re Dutch Inn of Orlando, Ltd, 614 F.2d 504 (5th Cir. 1980) (judicial sale of assets moots appeal of sale order). Cf. Monarch Life Ins. Co. V. Ropes & Gray, 65 F.3d 973, 978-83 (1st Cir. 1995) (where non-party had opportunity to litigate an issue

and failed to appeal court ruling, principles of claim preclusion prevent relitigating the issue).  The order directing the sale effectively becomes the law of the case.

Additionally, as a factual matter, Lane is barred from objecting now to the auction of the Sailboat by his own affidavit of August 28, 2005, in which he stated that "I do not oppose the sale of the auction in December, so long as sufficient proceeds are reserved in escrow to cover my share of the proceeds." Docket Entry 20, Exhibit 3, at ¶6.  Lane cannot now be heard to complain that the sale should not have taken place, when his own sworn statement averred that he did not object.

## IV. Conclusion

As set forth in detail above, the Sailboat is a forfeitable asset pursuant to 21 U.S.C. § 881(a)(6).  Additionally, the value of the Sailboat has been determined through a sale at public auction by order of this Court.  At the time of the Order directing the sale, Lane had entered an appearance in this Action.  Nevertheless, he failed to appeal the refusal of the district court to order a stay and he failed to seek a stay in the First Circuit Court of Appeals.  Accordingly, this Court should determine as a matter of law that Lane is barred from contesting that the value of the Sailboat is the value of the funds obtained from the third party auction.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:   /s/ Nancy Rue
                              Nancy Rue
                              Assistant U.S. Attorney
                              U.S. Attorney's Office
                              J.Jos. Moakley U.S. Courthouse
                              One Courthouse Way, Suite 9200
                              Boston, MA  02210
```

### CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2)

I hereby certify that I conferred with counsel for Lane in an attempt in good faith to avoid or narrow the issue, but was unsuccessful.

```
                              /s/ Nancy Rue
                              Nancy Rue
                              Assistant United States Attorney
```

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

```
                              /s/ Nancy Rue
                              Nancy Rue
                              Assistant United States Attorney
```

Date:     March 22, 2007