UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>　　v.<br><br>ONE STAR CLASS SLOOP SAILBOAT<br>BUILT IN 1930 WITH HULL NUMBER<br>721, NAMED "FLASH II",<br><br>　　　　Defendant.<br><br>KERRY SCOTT LANE, M.D.,<br><br>　　　　Claimant. | Civil Action # 05-10192 RWZ |

**CLAIMANT'S MOTION TO AMEND HIS ANSWER
TO INCLUDE A COUNTERCLAIM FOR MONEY DAMAGES PURSUANT TO
THE FEDERAL TORT CLAIMS ACT**

　　Claimant, Kerry Scott Lane, through undersigned counsel, hereby moves this Honorable Court for leave to supplement or amend his answer to add a counterclaim for money damages pursuant to the Federal Tort Claims Act. As grounds for this motion Claimant states the following:

　　1. In compliance with Local Rule 7.1, Claimant's counsel consulted with opposing counsel before filing this motion. The government does not consent to the amendment.

　　2. Fed. R. Civ. Proc. Rule 15(d) permits parties, on motion, to supplement their pleadings to set forth transactions or occurrences since the date of the pleading sought to be supplemented. Additionally under Rule 15(a) the party may amend an answer, either with

1

permission of opposing counsel or leave of the court.

  3. After Claimant lodged his proposed Answer, as an exhibit to his Motion for Reconsideration of his Motion to Vacate Default Judgment, Doc. 20-2, the government sold the Flash II at auction for roughly a tenth of its appraised value.

  4. Now that Claimant has won on appeal, there is a question of the remedy.  The government argues that sovereign immunity bars monetary damage claims when the government disposes of property while a forfeiture proceeding is pending.  Claimant argues that the Civil Asset Forfeiture Reform Act of 2000 amended the Federal Tort Claims Act to waive sovereign immunity for loss or damage to property while held by law enforcement pending forfeiture proceedings.  Accordingly, Claimant seeks to amend or supplement his Answer to add a counterclaim under the Federal Tort Claims Act.

  5. Claimant has complied with the notice requirement.  In a letter to AUSA Nancy Rue dated October 20, 2006 (and emailed to her on that same date), Claimant made a settlement demand which laid out all of the elements of a Federal Tort Claims Act claim.  Such a letter fulfills the jurisdictional requirements of 28 U.S.C. § 2675.  *Farmers State Sav. Bank v. Farmers Home Admin.*, 866 F.2d 276 (8th Cir. 1989).  Six months have now passed without a final disposition of the claim, and therefore it may be deemed a final denial pursuant to § 2675(a).  The Federal Tort Claims Act claim is now ripe for litigation.

  WHEREFORE, for the foregoing reasons, Claimant's Amended Answer, lodged today as an exhibit to this motion, should be accepted for filing.

        Respectfully submitted,
        Kerry Scott Lane, MD,

        By his attorneys,

        /s/ Brenda Grantland
        Brenda Grantland, Esq.
        20 Sunnyside Suite A-204
        Mill Valley, CA 94941
        (415) 380-9108
        (Pro hac vice)

        /s/Eric B. Goldberg
        Jeffrey P. Allen (BBO# 015500)
        Eric B. Goldberg (BBO# 564398)
        Seegel Lipshutz & Wilchins, P.C.
        Wellesley Office Park
        20 William Street, Suite 130
        Wellesley, MA 02481
        (781) 237-4400
        Local counsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br><br>ONE STAR CLASS SLOOP SAILBOAT<br>BUILT IN 1930 WITH HULL NUMBER<br>721, NAMED "FLASH II",<br><br>        Defendant.<br><br>KERRY SCOTT LANE, M.D.,<br><br>        Claimant. | Civil Action # 05-10192 WGY |

**FIRST AMENDED ANSWER [PROPOSED]
TO VERIFIED COMPLAINT FOR FORFEITURE IN REM,
WITH JURY DEMAND AND COUNTERCLAIM**

Claimant, Kerry Scott Lane, M.D., through undersigned counsel, answers the Complaint for Forfeiture as follows:

1. Claimant admits the allegations of jurisdiction and venue in paragraph 1.

2. Claimant lacks sufficient information to admit or deny the allegations of paragraph 2.

3. Claimant admits the allegations of paragraph 3.

4. Claimant denies the allegations of paragraph 4.

5. Claimant denies the allegations of paragraph 5.

**First Defense**

4.    The complaint fails to state a claim upon which relief may be granted.

**Second Defense**

1

5.  Service of process was insufficient under the Constitution and statutory law.

### Third Defense

6.  Claimant is an innocent owner whose interest is protected under 18 U.S.C. § 983(d)(6).

WHEREFORE, claimant prays:

1. That this action be dismissed;

2. That he be awarded interest and reasonable attorneys fees; and

3. For such other and further relief as may be deemed just and equitable.

### Counterclaim

Claimant counterclaims under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et. seq., as amended by the Civil Asset Forfeiture Reform Act of 2000, 28 U.S.C. § 2680( c) and 28 U.S.C. § 1346(b), for monetary damages for loss of property due to the government's sale of the Flash II while held by law enforcement pending the conclusion of these forfeiture proceedings.

### JURY DEMAND

Claimant hereby demands trial by jury on all issues.

Respectfully submitted,
Kerry Scott Lane, MD,

By his attorneys,

/s/ Brenda Grantland
Brenda Grantland, Esq.
20 Sunnyside Suite A-204
Mill Valley, CA 94941
(415) 380-9108
(Pro hac vice)

/s/Eric B. Goldberg

Jeffrey P. Allen (BBO# 015500)
Eric B. Goldberg (BBO# 564398)
Seegel Lipshutz & Wilchins, P.C.
Wellesley Office Park
20 William Street, Suite 130
Wellesley, MA 02481
(781) 237-4400
Local counsel