UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action # 05-10192 |
| ONE STAR CLASS SLOOP SAILBOAT BUILT IN 1930 WITH HULL NUMBER 721, NAMED "FLASH II", | |
| Defendant. | |
| KERRY SCOTT LANE, | |
| Claimant. | |

**CLAIMANT'S MOTION TO EXTEND DISCOVERY
FOR THE PURPOSE OF CONDUCTING ONE OR
POSSIBLY TWO DEPOSITIONS TO PERPETUATE TESTIMONY FOR TRIAL**

Claimant, Kerry Lane, M.D., through undersigned counsel, hereby requests leave to conduct one or possibly two depositions beyond the discovery cutoff date. As grounds for this motion Dr. Lane states the following:

1. Well in advance of the May 24 discovery cutoff date, Claimant attempted to schedule the deposition of Arlan Ettinger, president of Guernsey's auction house. Ettinger performed an appraisal of the Flash II for the government. He was also involved in and had personal knowledge of both the 1998 and 2005 auctions of the Flash II. Because he resides more than 100 miles from Boston, he is beyond the civil subpoena power of this Court and cannot be compelled to attend trial. Originally Mr. Ettinger asked that his deposition be set for today, Thursday May 17, but AUSA Nancy Rue said she would be unavailable. In order to

1

accommodate Ms. Rue's schedule, the parties set Mr. Ettinger's deposition for his next best date, Friday May 18 – which he explained might possibly present a conflict because of pending litigation over an upcoming auction. Claimant's counsel had arranged the court reporter, made copies of the documents Guernsey's provided for each of the parties, and had everything set for the May 18 deposition. On May 16, Mr. Ettinger's assistant contacted Claimant's counsel – and left a message for AUSA Rue – to informed them that Mr. Ettinger would have to appear in court in Las Vegas on Friday May 18 to testify, but that he was available to be deposed until 2 p.m. on May 17. AUSA Rue had emailed counsel at 10 a.m. on May 16, stating her court hearing for Thursday May 17 had been cancelled, and that she would be in the office on the 16th until 2 p.m. Eastern time. See Exhibit 1. Both Claimant's counsel and Mr. Ettinger's assistant called AUSA Rue all day trying to move the deposition forward to Thursday May 17, but she did not answer her phone or return calls. Counsel also sent numerous emails, but AUSA Rue did not respond at all on May 16. At the close of business on Wednesday May 16 – the last available time to reschedule with the court reporter for Thursday, there was still no response from AUSA Rue, so counsel called off the court reporter.

    2. AUSA Rue finally called counsel back on Thursday May 17 at 10 a.m. Pacific time (1 p.m. Eastern). By then it was too late to conduct the deposition on the 17th because Ettinger would be leaving his office in one hour and there was no time to schedule a court reporter. If Ms. Rue had checked her messages or email on the 16th or 17th, she would certainly have known that by delaying calling back, she was thwarting the rescheduling of the deposition. Ms. Rue offered no explanation about why she had not promptly responded to calls or email, instead only complaining about the number of calls and emails about it. It now appears to undersigned

counsel that Ms. Rue was playing games to avoid rescheduling the deposition before the discovery cutoff date.

    3. Dr. Lane's counsel informed AUSA Rue that there was a slim possibility that Ettinger might be available on Monday or Tuesday, (May 21 - 22) if his litigation ended and the injunction was not lifted – but otherwise he would not be back from Las Vegas before May 24, our cut off day for discovery. Counsel asked AUSA Rue if she would agree to allow this deposition beyond the discovery cutoff date if Ettinger could not be deposed on Monday or Tuesday. She refused. She also stated that she would only be available to do the deposition on Tuesday, and suggested she would oppose any extension of discovery to accommodate depositions of out-of-state witnesses to perpetuate their testimony for trial. Dr. Lane therefore requests that this court order that he be permitted to conduct the deposition of Mr. Ettinger at a later date if Ettinger is not available next Tuesday.

    4. Counsel also may need to depose Robert Harper, attorney for the Consortium, at some later date – also to obtain his deposition testimony in lieu of live testimony at trial. He too is beyond the range of a civil subpoena. This week at the telephonic conference, when this Court moved the trial forward, Claimant's counsel noted that – given the new focus of the case – she might need to obtain the testimony of attorney Harper, and that she could not do that on such short notice. The Court indicated that the government could go forward on Thursday May 24 and put on its proof that drug money was invested in the sailboat, and if it did not meet its burden, there would be no need for further testimony on that issue. The Court also stated that if necessary the trial could resume at some later date to put on Dr. Lane's witnesses on this issue.

    5. After the telephonic conference, counsel left a message for Mr. Harper but he has not

returned the call. Mr. Harper is a Florida resident, and thus is beyond the civil subpoena power of this court. Since he can not be compelled to come to court to testify, Dr. Lane may need to obtain his testimony by deposition as well.

      6. Dr. Lane filed a cross-motion for summary judgment on the issue of forfeitability, which has still not been decided. Since the government failed to submit any admissible evidence to resist summary judgment on the issue of forfeitability, Dr. Lane was entitled to summary judgment on that issue. Therefore counsel saw no reason to obtain the testimony of Mr. Harper – or any witnesses – to prove that the informant's drug proceeds were never invested in the sailboat. Now the court is allowing the government a second chance to put on proof of forfeitability. Dr. Lane would be prejudiced by the sudden advancement of the trial date, skipping a ruling on his cross-motion for summary judgment, unless he is allowed the opportunity to depose Harper later if necessary to compel his testimony.

      WHEREFORE, for the foregoing reasons, Dr. Lane should be permitted to obtain the deposition testimony of these two witnesses after the close of discovery, if necessary.

Respectfully submitted,
Kerry Scott Lane, MD,

By his attorneys,

    /s/Brenda Grantland
Brenda Grantland, Esq.
Law Office of Brenda Grantland
20 Sunnyside Suite A-204
Mill Valley, CA 94941
(415) 380-9108
(Pro hac vice)

                                                     s/Eric B. Goldberg
Jeffrey P. Allen (BBO# 015500)
Eric B. Goldberg (BBO# 564398)
Seegel Lipshutz & Wilchins, P.C.
Wellesley Office Park
20 William Street, Suite 130
Wellesley, MA 02481
(781) 237-4400

**Subject:** RE: Discovery & Guernsey's documents
**From:** "Rue, Nancy \(USAMA\)" <Nancy.Rue@usdoj.gov>
**Date:** Wed, 16 May 2007 10:03:44 -0400
**To:** <bgrantland1@comcast.net>

Brenda,
I just realized I had a voicemail from you.  Sorry -- I had 8 voicemails when I came back from court and just didn't try to listen to them.

Regarding the auction catalog, I can get a copy of the 2005 catalog from Guernsey's when I go down for the depo.  We do have a copy of the 1998 catalog -- it is 312 pages.  We sent you all the pages from the 1998 catalog regarding the Flash II in the original discovery.

I'll fax the Milo declaration this morning.

I don't know if there is anything else that we need to talk about in advance of the depo. I will be out of the office from about 2pm EDT on, but I'm in until then.  The sentencing that I had previously had scheduled for tomorrow has moved to 5/23, so I will be in then as well.

Thank you.
Nancy


-----Original Message-----
From: Brenda Grantland [mailto:bgrantland1@comcast.net]
Sent: Tuesday, May 15, 2007 9:40 PM
To: Rue, Nancy (USAMA); Brenda Grantland
Subject: Discovery & Guernsey's documents

Nancy -

I did not receive the Gary Milo declaration you said you were going to fax me.  My fax number is 415-381-6105.

I got the Fed Ex package of documents this afternoon, and by the time I finished copying them it was too late to make the last Fed Ex pickup. I'll send those to you tomorrow, to arrive by 10:30 a.m. Eastern time on

Thursday.  I think you've seen most of these documents.  It includes a lot of correspondence between the government & Guernsey's that I've never seen before.

I didn't have time to look them over before copying them, and may have bundled together some documents that don't really go together.  But we can sort that out at the deposition.  I made a complete set of numbered exhibits, except for one document they gave me -- a page of cash receipts which didn't seem relevant.  I included that, but didn't number

it as an exhibit.  I expect that we won't use most of these in the depo,

but they're numbered in case we do.

Also, Guernsey's included a copy of the 2005 catalog -- a large, printed

book of 300+ pages.  I asked the copy shop if they could copy it for me by tomorrow, and unfortunately the copy shop employee found a copyright notice in it and they won't copy it at all -- and won't let me copy it either.  So if you need that catalog, you need to get Guernsey's to overnight one to you.  I haven't had time to look at it yet so I don't know if it's useful or not.

They didn't include a copy of the 1998 catalog.  Something in the emails

```
between Guernsey's and the government seemed to indicate that Guernsey's

gave the government a copy of a catalog earlier, and I'm not sure which
it was.
```