UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action # 05-10192 |
| ONE STAR CLASS SLOOP SAILBOAT BUILT IN 1930 WITH HULL NUMBER 721, NAMED "FLASH II", | |
| Defendant. | |
| KERRY SCOTT LANE, | |
| Claimant. | |

**CLAIMANT'S RESPONSE TO THE GOVERMENT'S
MOTION FOR A PROTECTIVE ORDER**

The parties appear to have widely diverging views of the current status of discovery and scheduling in this case.[1]

In the Joint Motion for Extension of the Discovery Deadline, Doc. 57, filed 4/10/2007, the parties proposed that certain discovery would be postponed until three weeks after resolution of the cross-motions for summary judgment, to avoid the expense of possibly unnecessary depositions. On 4/11/2007, this Court granted the joint motion with the following docket entry: "Electronic ORDER entered granting 57 Motion for Extension of Time to Complete Discovery

---

[1] Claimant disagrees with many of the government's contentions in its Opposition to Claimant's Motion to Extend Discovery Deadline and Government's Motion for a Protective Order. Since most of those issues do not pertain to the request for a protective order, claimant addresses them in his Motion for Clarification, filed separately today.

1

Discovery to be completed by 5/24/2007. The trial date will not be continued."

With the cross-motions for summary judgment under advisement, and still not decided only days before the discovery deadline, Claimant feared that if he did not conduct the depositions before the deadline he would be foreclosed from obtaining those depositions later – hence his last minute attempt to schedule depositions for May 22, 2007.

If Claimant correctly reads the government's motion for a protective order, Doc. 66, the government seems to think that the issue of valuation will be revisited, with discovery on the issue being reopened, if the government fails to prove forfeitability at trial. See p. 2 n. 1. Claimant's counsel did not understand that to be the Court's ruling.

If the issues have been truncated as the government suggests, and discovery on the issue of valuation will be reopened later, Claimant does not oppose postponing the deposition of Arlan Ettinger.

Because he is hoping to depose Ettinger on Tuesday May 22 if necessary, Claimant requests a prompt clarification of this issue.

    Respectfully submitted,
    Kerry Scott Lane, MD,

    By his attorneys,

       /s/Brenda Grantland
    Brenda Grantland, Esq.
    Law Office of Brenda Grantland
    20 Sunnyside Suite A-204
    Mill Valley, CA 94941
    (415) 380-9108
    (Pro hac vice)

       s/Eric B. Goldberg

Jeffrey P. Allen (BBO# 015500)
Eric B. Goldberg (BBO# 564398)
Seegel Lipshutz & Wilchins, P.C.
Wellesley Office Park
20 William Street, Suite 130
Wellesley, MA 02481
(781) 237-4400