UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action # 05-10192 |
| ONE STAR CLASS SLOOP SAILBOAT BUILT IN 1930 WITH HULL NUMBER 721, NAMED "FLASH II", | |
| Defendant. | |
| KERRY SCOTT LANE, | |
| Claimant. | |

**CLAIMANT'S MOTION FOR CLARIFICATION**

The trial is only days away and the parties appear to be in wide disagreement on several matters relating to the posture and scheduling of this case. Claimant's counsel searched the record to try to resolve these conflicting views and discovered an additional problem: the impromptu status conference held last Tuesday, May 15 – at which Claimant's counsel appeared telephonically – does not appear in the docket, and there is no written order or other record in the docket showing what happened at that status conference.

At the hearing, counsel clearly recalls, the Court ordered that the trial would be moved forward, to commence on May 24 at 10 a.m.. The docket still lists the May 24 court appearance as a pretrial conference at 2 p.m., with trial scheduled to commence on or after June 4.

Additionally, the government's contentions in its Opposition to Motion to Continue Discovery, Doc. 66, show the parties are in dramatic disagreement about what happened at the

1

May 15 status conference.

As an appellate lawyer, Claimant's counsel is concerned because discrepancies and misunderstandings like this can result in the inadvertant waiver of important rights, and with nothing in the record to clarify the issue, resolution would be difficult to impossible on appeal. Counsel therefore requests clarification of the following issues:

1. The Final Pretrial Order, entered 5/4/2007, sets a pretrial conference for May 24 at 2 p.m., with a Joint Pretrial Statement due before that date. <u>Did the court's oral orders issued at the telephonic status conference on May 15 – in which the court moved the trial forward to May 24 starting at 10 a.m. – cancel the pretrial conference, and therefore the requirement that the parties file a Joint Pretrial Statement</u>? (In Claimant's view, a joint pretrial statement would be both difficult and meaningless right now because so many issues are up in the air with the cross-motions for summary judgment pending.)

2. The government contends in its Opposition to Motion to Continue Discovery, Doc. 66, p. 1, that at the May 15 status conference the Court granted the government's motion for partial summary judgment on the issue of valuation.

That is not Claimant's counsel's understanding of what happened at all. She distinctly recalls the Court calling it a "tentative ruling" and that the Court did not rule definitively rule in favor of either side. The Court stated that it was tentatively holding that the "discretionary function" exception to the Federal Tort Claims Act created an exception to CAFRA's waiver of sovereign immunity for loss or damage to property while held pending forfeiture when the negligence alleged was the government's decision to auction the property without a minimum reserve. On the other hand, the Court stated, the government could not hide behind sovereign

immunity if it lacked grounds for forfeiture at the time it seized and/or sold the Flash II. That would be a Fifth Amendment taking, the Court stated, requiring the payment of just compensation, measured by the fair market value of the property. If counsel's recollection is incorrect, Claimant requests clarification from the Court.

As Claimant's counsel understood the Court, the hearing starting at 10 a.m. on May 24 would be the beginning of trial, which would first focus on whether the government lacked grounds for forfeiture when it seized the sailboat and commenced the forfeiture action. The Court stated that if the government could not make its burden of proof, counsel could ask for a directed verdict, and would not need to put on any evidence on this issue.

Counsel also recalls that, when she objected[1] to the trial being moved forward on such short notice because she might have difficulty producing witnesses in time, the Court stated that if Dr. Lane needed to put on additional witnesses later, the non-jury trial could resume at a later date for that purpose.

Claimant's counsel is confused and needs resolution of the following issues:

a. <u>Is this an evidentiary hearing on the pending motion for summary judgment or is it the trial on the merits, as the record seems to indicate</u>?

b. <u>Since discovery was scheduled to close on May 24, the day the trial begins under the new schedule, and Dr. Lane has not yet been able to obtain depositions of any out-of-state witnesses</u> (those depositions were postponed in reliance on the court's granting of the Joint Motion For Extension of Discovery Deadline, and now Claimant is forced to do them at the last

---

[1] The government claims the trial date was advanced with the agreement of the parties. In reality, it was with the agreement of the government only. Claimant objected, and the Court agreed to resume the hearing at a later date if necessary to allow Claimant to put on witnesses.

minute because of the approaching discovery cut-off) -- will he still be able to obtain depositions for use as testimony of witnesses who are beyond the 100 mile radius of the civil subpoena power?

    c. If it ends up that fair market value is to be resolved in this court, rather than the Court of Federal Claims, will discovery reopen on that issue after the court's ruling following the trial/evidentiary hearing to be held on May 24?

    Dr. Lane requests clarification of these issues as soon as possible. His counsel leaves early Wednesday morning to fly to Boston for the hearing.

    Respectfully submitted,
Kerry Scott Lane, MD,

By his attorneys,

    /s/Brenda Grantland
Brenda Grantland, Esq.
Law Office of Brenda Grantland
20 Sunnyside Suite A-204
Mill Valley, CA 94941
(415) 380-9108
(Pro hac vice)


    s/Eric B. Goldberg
Jeffrey P. Allen (BBO# 015500)
Eric B. Goldberg (BBO# 564398)
Seegel Lipshutz & Wilchins, P.C.
Wellesley Office Park
20 William Street, Suite 130
Wellesley, MA 02481
(781) 237-4400