UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| ONE STAR CLASS SLOOP SAILBOAT BUILT IN 1930 WITH HULL NUMBER 721, NAMED "FLASH II", | Civil Action # 05-10192 WGY |
| Defendant. | |
| KERRY SCOTT LANE, M.D. | |
| Claimant. | |

**CLAIMANT'S MEMORANDUM OF LAW
ON THE INADMISSIBILITY OF HEARSAY AT TRIAL
AND TO RESIST SUMMARY JUDGMENT, IN CAFRA CASES**

The Civil Asset Forfeiture Reform Act of 2000 (hereinafter "CAFRA") raised the government's burden of proof at trial from the pre-CAFRA standard of a mere "probable cause" to a preponderance of the evidence. 18 U.S.C. § 983(c)(1). CAFRA applies to civil forfeiture cases commenced after August 23, 2000,[1] so long as the applicable forfeiture statute does not fall into the list of forfeiture statutes excluded by § 983(i), more commonly known as the "Customs carve-out." The forfeiture provisions of the drug statutes – title 21 U.S.Code – do not fall into the Customs carve-out, therefore CAFRA clearly applies here.

CAFRA's elevation of the burden of proof also invalidated the line of case law,

---

[1] Section 21 of CAFRA sets the effective date of CAFRA's reform provisions as "120 days after the date of the enactment of this Act." CAFRA was enacted on April 25, 2000.

1

developed in pre-CAFRA cases, that allowed the government to use hearsay at trial to meet its probable cause burden of proof. The case law allowing the government to rely on hearsay in civil forfeiture cases was adopted from case law allowing hearsay to establish probable cause during suppression hearings in criminal cases. Because the burden of proof was a mere probable cause, the threshold of probity of allowable evidence was much lower, the reasoning went.

After CAFRA raised the government's burden of proof, the case authorities are unanimous: hearsay is no longer admissible to meet the government's burden of proof at trial.

> Among other things, CAFRA has enhanced the government's initial burden of proof from a mere showing of "probable cause" to believe that the subject property was involved in unlawful activity, to proof by a preponderance of the evidence of "a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(1) and (3). However, in essence, the government is obligated to prove the same connection between the subject property and the offense that it was required to prove under the pre-CAFRA law, but it now must do so by a preponderance of admissible, non-hearsay, evidence. See The Civil Forfeiture Reform Act of 2000: Expanded Government Forfeiture Authority and Strict Deadlines Imposed on All Parties, 27 J.Legis. 97, 110 (2001). As stated by one sister court has observed, as a consequence of CAFRA: The government is not entitled to proceed by civil complaint for forfeiture solely on probable cause, but must establish, by a preponderance of the evidence, that the property is subject to forfeiture. This being true, it cannot proceed on mere hearsay. And a claimant (who has appropriate standing) can now 'put the government to its proof', without doing more than denying the government's right to forfeit the property.

*One Parcel of Property Located at 2526 Faxon Avenue, Memphis, Tennessee*, 145 F. Supp. 2d at 950 (footnote omitted).

> The evidence relied on by the Government must be admissible, non-hearsay evidence. 227 F. Supp. 2d at 1231 n.3 (citing Stefan D. Cassella, *The Civil Forfeiture Reform Act of 2000; Expanded Government Forfeiture Authority and Strict Deadlines Imposed on All Parties*, 27 J. Legis. 97, 108-09 (2001)).

*United States v. 4. Meadowbrook Lake Condo.*, 2007 U.S. Dist. LEXIS 18309, 9-10 (S.D. Fla. 2007).

> Where the Government previously had to demonstrate only "probable cause" to discharge its initial burden, it now must "establish, by a preponderance of the evidence, that the property [at issue] is subject to forfeiture." 18 U.S.C. § 983(c)(1). As the Government recognizes in its reply brief, this elevated standard seemingly precludes any reliance on hearsay, as the Government could have done in a pre-CAFRA case. *See United States v. One Parcel of Property Located at 2526 Faxon Ave.*, 145 F. Supp. 2d 950 (W.D. Tenn. 2001).

*United States v. Six Negotiable Checks*, 207 F. Supp. 2d 677, 683 (D. Mich. 2002). See also *United States v. One Parcel of Prop.*, 2006 U.S. Dist. LEXIS 15617, 8-9 (D. Ala. 2006) ("To satisfy this burden, the government may rely on both direct and circumstantial non-hearsay evidence..."); *United States v. One 1991 Chevrolet Corvette*, 390 F. Supp. 2d 1059, 1065-1066 (S.D. Ala. 2005) ("The court notes that the United States is no longer permitted to use hearsay evidence").

The only post-CAFRA cases still allowing the use of hearsay by the government either were commenced pre-CAFRA, though litigated on appeal after CAFRA took effect; "customs carve out" cases to which CAFRA by its own terms does not apply; or cases involving pretrial hearings under CAFRA, which are still governed by the probable cause standard.

The elevation of the burden of proof and elimination of the use of hearsay also realigns the standards on summary judgment. The government can no longer successfully oppose summary judgment with inadmissible hearsay, as the government has attempted to do here.

> The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id. at 325.*
> After the movant has met its burden under *Rule 56(c)*, the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Indus.*

*Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita,* 475 U.S. at 587.
Essentially, so long as the non-moving party has had an ample opportunity to

conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, [then summary judgment may be granted." *Anderson*, 477 U.S. at 249-50.

*United States v. 4 Meadowbrook Lake Condominium*, 2007 U.S. Dist. Lexis 18309 at *6 - *8

(S.D. Fla. 2007).

For the above reasons, summary judgment should have been granted in favor of Dr. Lane on the issue of the *non*-forfeitability of Flash II, instead of requiring him to bear the burden and expense of a trial on this issue.

        Respectfully submitted,
        Kerry Scott Lane, MD,

        By his attorneys,


        _____/s/ Brenda Grantland_____
        Brenda Grantland, Esq.
        Law Office of Brenda Grantland
        20 Sunnyside Suite A-204
        Mill Valley, CA 94941
        (415) 380-9108
        Pro hac vice


        _____/s/ Eric B. Goldberg____
        Jeffrey P. Allen (BBO# 015500)

Eric B. Goldberg (BBO# 564398)<br>
Seegel Lipshutz & Wilchins, P.C.<br>
Wellesley Office Park<br>
20 William Street, Suite 130<br>
Wellesley, MA 02481<br>
(781) 237-4400