UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff, | )<br>)<br>) |
| v. | )Civil Action No.05-10192-WGY<br>) |
| ONE STAR CLASS SLOOP SAILBOAT<br>BUILT IN 1930 WITH HULL NUMBER 721,<br>NAMED "*FLASH II*,"<br>          Defendant. | )<br>)<br>)<br>)<br>) |

**GOVERNMENT'S MEMORANDUM NOTING THAT FACTS ESTABLISHING
FORFEITABILITY HAVE BEEN JUDICIALLY ADMITTED BY CLAIMANT**

In the most recent filing, Docket Entry 69, on behalf of Kerry Scott Lane ("Lane"), Lane asserts that a trial on the issue of forfeitability is inappropriate because it should have been decided on summary judgment.

The government agrees. Lane *conceded* in "Claimant Kerry Scott Lane's Statement of Facts" (Lane's Statement of Facts"), Docket Entry 45-1, that Anderson had paid the cooperating witness ("CW") back the money that the CW had invested in the defendant res (the "Flash II") and that that payment had been made "over the course of making two "trips" [transporting marijuana] for the CW." Lane's Statement of Facts at ¶ 40. Lane further stated:

> The CS asked ANDERSON about the money "it" loaned ANDERSON so that he [ANDERSON] could initially purchase the sailboat. ANDERSON told the CS that he had paid the CS back for that loan, which ANDERSON stated was between $15,000 and $20,000. ANDERSON explained that he paid back the loan by working it off over two "trips" [transporting marijuana] for the CS. ANDERSON stated that he made a total of four (4) trips [transporting marijuana] for the CS but that he had spent most all of the money he had earned while working for the CS [in the marijuana business]. As previously reported, ANDERSON transported marijuana from Arizona to Massachusetts for the CS and was paid approximately $40,000 for each trip. The CS stated that the first trip ANDERSON made was approximately 800 - 1,000 pounds and increased to 1,200 pounds. The CS explained

> that the money "it" gave to ANDERSON for the sailboat was originally intended to be an investment; however, as time passed, the CS did not expect to earn a profit on the investment and negotiated with ANDERSON to change it to a loan. <u>The CS stated that while speaking with ANDERSON, "it" recalled allowing ANDERSON to pay the CS back (for the sailboat loan) by allowing ANDERSON to work off the loan by transporting the marijuana to Massachusetts</u>.

<u>Id</u>. at ¶ 41 (emphasis supplied by Lane).

The Statement of Facts filed by Lane is a judicial admission. Since Lane has asserted that the facts set forth above are " material facts of record as to which . . . there is no issue to be tried," Lane cannot now contest them.   L.R. 56.1.

Therefore, since Lane has admitted that Anderson paid the CW [CS] back for the sailboat by transporting marijuana, the government has established that drug proceeds were invested in the Flash II.  Accordingly, the government respectfully submits that the Court should find for the government on the issue of forfeitability.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

By:   /s/ Nancy Rue
      Nancy Rue
      Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                    /s/ Nancy Rue
                    Nancy Rue
                    Assistant U.S. Attorney