UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>     Plaintiff,                         )<br>)<br>     v.                                     )<br>)<br>ONE STAR CLASS SLOOP SAILBOAT )<br>BUILT IN 1930 WITH HULL NUMBER )<br>721, NAMED "FLASH II"            )<br>)<br>     Defendant.                         )<br> ) | CIVIL ACTION<br>NO. 05-10192-WGY |

MEMORANDUM AND ORDER

YOUNG, D.J.                                                                 January 9, 2008

**I.   INTRODUCTION**

Kerry Scott Lane, M.D. ("Lane") successfully challenged the forfeiture of a sloop, the "Flash II," in which he held an interest on the ground that the vessel was not forfeitable. In re One Star Class Sloop Sailboat Built in 1930 with Hull Number 721, Named "Flash II," 517 F. Supp. 2d 546, 554 (D. Mass. 2007). He now moves for an award of attorneys' fees pursuant to 28 U.S.C. § 2465(b)(1).

"[I]n any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for . . . reasonable attorney fees and other litigation costs reasonably incurred by

the claimant . . . ." 28 U.S.C. § 2865(b)(1). In addition to expenses, Lane asks that this Court award fees totaling in the neighborhood of $290,000. $267,647.25 is attributable to attorney's fees (823.53 hours at a suggested rate of $325 an hour) for attorney Brenda Grantland ("Grantland"). Petition for Attorney's Fees ("Pet") [Doc. 87] at 5; Grantland Aff. [Doc. 87 Ex. 4]. $12,024 of that amount is attributable to attorney's fees (50.1 hours[1] at a suggested rate of $240 an hour) for attorney Eric Goldberg ("Goldberg"). Pet. at 6; Goldberg Aff. [Doc. 87 Ex. 1] ¶¶ 5-6; Goldberg Itemization [Doc. 87 Ex. 2] at 2. $7377.50 (113.5 hours at a suggested rate of $65 an hour) is attributable to work performed by Grantland's paralegal, Judy Osburn ("Osburn"). Osburn Itemization [Doc. 87 Ex. 6] at 1.

## II. DISCUSSION

The Supreme Court has held that the "most critical factor" in determining the amount to award in attorneys' fees is "the degree of success obtained." Hensley v. Eckerhart, 461 U.S. 424, 436 (1983). Where, as here, damages are sought, the ratio of damages sought to damages awarded serves as a guide to the reasonableness of a fee award. See Farrar v. Hobby, 506 U.S. 103, 115 (1992) ("Having considered the amount and nature of

---

[1] Goldberg billed Lane for 46.1 hours of work during the time that he represented Lane. Goldberg also asserts that he spent three hours discussing the case with Grantland after she took over and one hour preparing his affidavit in connection with this motion.

damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness or multiplying 'the number of hours reasonably expended . . . by a reasonable hourly rate.'") (alteration in original) (internal citations omitted).

By any measure, Lane's efforts in this lawsuit were largely <u>un</u>successful.  The only issue on which Lane prevailed in this case, aside from setting aside the default judgment, was the ultimate issue of forfeitability of the Flash II, and then largely upon an analysis he had not suggested.  Lane, however, spent significant time and effort litigating other issues, such as discovery, sovereign immunity, and the valuation of the Flash II, all of which he lost.  Similarly, Lane originally sought damages in the hundreds of thousands of dollars, <u>see</u> Defendant's Settlement Offer [Doc. 88 Ex. 4] (seeking $310,000), yet he ultimately was awarded only $73,898.76.  As a result, this Court concludes the attorneys' fees requested by Lane are unreasonable.

Furthermore, this Court agrees with the United States that Lane should share responsibility for the fees incurred in litigating the default judgment because he was aware the Flash II had been seized but failed to come forward to state his interest.  <u>See</u> Opp. to Petition ("Opp.") [Doc. 88] at 9.  Accordingly, this Court rules that the United States only is liable for one-third of the fees and expenses arising out of the litigation to set

3

aside the default judgment, as well as the fees and expenses arising from the litigation of the forfeitability issue. Thus, the time and expenses billed by Goldberg in this matter are denied. The hours billed by Grantland and Osburn are reduced to 236.62[2] and 109.5,[3] respectively. Using this same methodology, the Court finds eligible expenses connected with Grantland's representation in the amount of $3404.13. See Table [Doc. 88 Ex. 1] at 1 (listing $2693.14 in eligible fees paid directly by Lane and $710.99 in eligible fees paid by Grantland).

The next question confronting this Court is at what rate Grantland and Osburn's hours should be multiplied. The Court accepts $65 an hour as a reasonable rate for the services of a paralegal; accordingly, it finds that Osburn's fees for purposes of this motion are $7117.50.

This Court, however, rejects Grantland's proposed rate of $325 an hour. Grantland admits that she generally charges $275 an hour for her services, although she gave Lane a reduced rate of $250 an hour. Grantland Aff. ¶ 10. Nonetheless, Grantland asserts that, for the purposes of an award of attorney's fees,

---

[2] The Court adopts the figures put forth by the United States Attorney's Office. See Table [Doc. 88 Ex. 1] at 1.

[3] This figure is arrived at by removing the hours billed on July 19, 2007. In addition, the Court subtracted an additional two hours from the hours billed on June 29, as Osburn indicates that at least a portion of her time on that day was spent on Lane's motion for reconsideration, on which he did not prevail. See Osburn Itemization at 1.

her rate should be derived by reference to the prevailing rates for Boston-area civil rights litigators. Pet. at 5. The First Circuit, however, has held that the "'prevailing rate in the community' for work performed by an outside specialist [such as Grantland] is most likely to be that outside specialists' ordinary rate." Maceira v. Pagan, 698 F.2d 38, 40 (1st Cir. 1983).

Using $250-275 per hour as a starting point, the Court further discounts Grantland's rate to $175 an hour due to her egregious overlitigation of this case. Multiplying Grantland's 236.62 eligible hours by an hourly rate of $175 results in an award of $41.408.50, which is fully commensurate with the results achieved in this case.

### III. CONCLUSION

Accordingly, the motion for attorneys' fees [Doc. 87] is allowed in the amount of $51,929.13.

SO ORDERED.

/s/ William G. Young

WILLIAM G. YOUNG
DISTRICT JUDGE