# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    |

    |

        Plaintiff,    |

      v.    |    Civil Action # 05-10192 WGY

    |

ONE STAR CLASS SLOOP SAILBOAT    |
BUILT IN 1930 WITH HULL NUMBER    |
721, NAMED "FLASH II",    |

    |

        Defendant.    |
_____    |

    |

KERRY SCOTT LANE, M.D.,    |

    |

        Claimant.    |
_____    |

## MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER HOLDING IT LACKS JURISDICTION TO RULE ON THE MOTION TO ENFORCE CAFRA FEE AWARD AND ATTORNEY FEE LIEN

Claimant, Kerry Scott Lane M.D., through undersigned counsel, moves this Honorable Court for reconsideration of its April 15, 2008 Electronic Order, holding that, because of Lane's pending appeal, the district court lacked jurisdiction to hear Lane's Motion to Enforce CAFRA Fee Award and Attorney Fee Lien. For the following reasons, the district court *does* have jurisdiction to hear the motion.

As Lane pointed out in his Motion to Enforce CAFRA Fee Award, both the government and Dr. Lane initially filed notices of appeal, but the government dismissed its appeal. The only appeal now pending is Dr. Lane's appeal challenging this court's *reductions* of the amounts claimed in compensation for the Flash II and in attorneys' fees under CAFRA. Since it

dismissed its appeal, the government can no longer challenge the amounts previously awarded in

the judgment.  As a general rule

> "entry of a notice of appeal divests the district court of jurisdiction to adjudicate
> any matters related to the appeal." *United States v. Distasio*, 820 F.2d 20, 23 (1st
> Cir. 1987). But the rule is not absolute, for even after the appeal is filed the
> district court retains authority to decide matters not inconsistent with the pendency
> of the appeal. *See Spound v. Mohasco Indus., Inc.*, 534 F.2d 404, 411 (1st Cir.)
> cert. denied, 429 U.S. 886 (1976).  A district court may, for example, determine
> attorneys' fees after an appeal has been taken or act in aid of execution of a
> judgment that has been appealed but not stayed.  *See In re Nineteen Appeals*, 982
> F.2d 603, 609 n.10 (1st Cir. 1992); *International Paper Co. v. Whitson*, 595 F.2d
> 559, 561-62 (10th Cir. 1979).

*United States v. Hurley*, 63 F.3d 1, 23 (1st Cir. 1995).

The merits judgment for $73,898.76 and the CAFRA award of $51,929.13 in attorney's

fees are both final judgments that have not been stayed.  Furthermore, the judgment cannot be

stayed now because the government has no appeal pending.  When the government's motion to

dismiss its appeal was granted on February 5, 2008 [Dkt # 99], both the merits judgment and

attorney's fee award became immediately due and payable.

Because the government dismissed its appeal – no matter what the outcome of Dr. Lane's

appeal may be, the government's liability cannot be less than the amounts specified in the

judgment entered on January 15, 2008.  The government is the *appellee* in the pending appeal.

> If an appellee seeks a modification of the district court's judgment, he must file a
> cross-appeal requesting the modification. Unless an appellee files a cross-appeal,
> "the appellee may not attack the [district court's] decree with a view either to
> enlarging his own rights thereunder or of lessening the rights of his adversary,
> whether what he seeks is to correct an error or to supplement the decree with
> respect to a matter not dealt with below."

*United States v. Bajakajian,* 84 F.3d 334, 338 (9th Cir. 1996), quoting *United States v. American*

*Ry. Express Co.*, 265 U.S. 425, 435 (1924).

MOORE'S FEDERAL PRACTICE lists several matters over which a district court retains jurisdiction during the pendency of an appeal, two of which apply here.

The district court retains jurisdiction to "enforce a judgment that has not been stayed or superseded." 20 MOORE'S FEDERAL PRACTICE § 303.32[2][b][vi].

> Until the district court's judgment is superseded or stayed, the judgment is fully in effect and the district court retains the authority to enforce the judgment. However, the district court may not enlarge or alter the scope of the judgment after a notice of appeal has been filed.

*Id.* Dr. Lane and his counsel are not asking that the district court enlarge on the judgment previously entered, but merely that it enforce the judgment by ordering the government to pay it forthwith. The court of appeals will determine whether Dr. Lane and his counsel are entitled to more.

Additionally, the "district court make take steps that maintain [the] status quo or aid [the] appeal." 20 MOORE'S FEDERAL PRACTICE § 303.32[2][b][ii]. "This has been interpreted to mean that the district court may grant injunctive relief during the pendency of an appeal only to preserve the status quo, or to preserve the integrity of the case on appeal." *Id.*

Dr. Lane's Motion to Enforce CAFRA Fee Award seeks injunctive relief – an order compelling the government to pay the judgment, and in the interim, to "order the government to forthwith pay both judgment amounts into the registry of the court pending the outcome of the litigation" on the motion. Dkt # 105 p. 1. The injunctive relief request serves both to maintain the status quo and to preserve the integrity of the appeal.

A motion to enforce the judgment is the proper mechanism for challenging threatened tax lien offsets against the judgment. See *McKee-Berger-Mansueto v. Board of Education*, 691 F.2d

3

828, 833 (7th Cir. 1982).

> The jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied.  *Riggs v. Johnson County*, 73 U.S. (6 Wall.) 166, 187, 18 L. Ed. 768 (1867). See also *Hamilton v. Nakai*, 453 F.2d 152, 156 (9th Cir. 1971), cert. denied, 406 U.S. 945, 32 L. Ed. 2d 332, 92 S. Ct. 2044 (1972). We thus conclude that the district court had inherent authority to order the Board to deposit into court the funds necessary to satisfy the judgment. We also conclude that the district court had authority to disburse those funds,  in accordance with applicable state and federal laws, in "proceedings supplementary to and in aid of a judgment." FED. R. CIV. P. 69(a).

*McKee-Berger-Mansueto, Inc*., 691 F.2d at 831.

Failure to enforce the judgment now will cause severe, and possibly irreparable harm, jeopardizing Dr. Lane's ability to continue litigating his appeal.  As the Motion explains, Dr. Lane and his counsel seek enforcement of Ms. Grantland's CAFRA fee award and her contractual attorney fee lien "so that she will be able to continue representing him on his pending appeal."  Doc. 105 pp. 3-4.

If this court refuses to hear the Motion and allows the government to make the threatened offset, Dr. Lane and his counsel will be deprived of a judicial remedy.  The government is attempting to make a set-off extra-judicially – without due process of any kind.  Waiting until the outcome of Dr. Lane's pending appeal to hear the motion will be too late.  Once the government has transferred the funds from one government pocket to another it will no doubt argue that sovereign immunity prevents counsel from challenging, or obtaining any relief from, the offset.

Enforcement of the judgment also serves to "preserve the integrity of the case on appeal." If the government succeeds in its theory that CAFRA attorney's fees awards can be seized to pay the client's IRS debts, that would affect the additional amounts he is seeking on appeal – for the government will merely seize those amounts as well.

This is an urgent issue that should be promptly resolved, so that if there is an appeal from this court's ruling, it will be joined with the appeal that is currently pending.

For the foregoing reasons, this court has jurisdiction – and the duty – to enforce the judgment.

Date: April 23, 2008

Respectfully submitted,
Kerry Scott Lane, MD,

By his attorneys,

_____s/Brenda Grantland_____
Brenda Grantland, Esq.
Law Office of Brenda Grantland
20 Sunnyside Suite A-204
Mill Valley, CA 94941
(415) 380-9108
(Admitted pro hac vice)

_____s/Eric B. Goldberg_____
Jeffrey P. Allen (BBO# 015500)
Eric B. Goldberg (BBO# 564398)
Seegel Lipshutz & Wilchins, P.C.
Wellesley Office Park
20 William Street, Suite 130
Wellesley, MA 02481
(781) 237-4400
(Local counsel)